BONNIE MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 21113-87
United States Tax Court
T.C. Memo 1993-588; 1993 Tax Ct. Memo LEXIS 604; 66 T.C.M. (CCH) 1568; December 14, 1993, Filed *604 For petitioner: S. Ron Ellison. For respondent: Robert E. Williams, Jr. WELLS
WELLS
SUPPLEMENTAL MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's computation for entry of decision under Rule 155 and petitioner's objection and alternative computation for entry of decision. All Rule references are to the Tax Court Rules of Practice and Procedure. The sole issue we must decide is whether the decision in the instant case should reflect net operating loss carrybacks and carryforwards and income averaging that were not raised in the pleadings or at trial. On February 9, 1993, we issued our , on remand from the Fourth Circuit Court of Appeals. See revg. and remanding . In our Supplemental Memorandum Opinion we allocated certain damages received by petitioner between punitive damages and compensatory damages. Pursuant to Rule 155, respondent has filed a computation for entry of decision and a proposed decision. Petitioner has filed an objection proposing an alternative computation *605 for entry of decision. In her alternative computation, petitioner alleges that the proposed deficiency for taxable year 1983 should be reduced by several net operating loss (NOL) carrybacks and carryforwards and that her tax should be computed on the basis of income averaging. Until her objection to respondent's computation, petitioner did not claim the NOL carrybacks or carryforwards or income averaging at any point in the proceedings in the instant case. Petitioner did not raise such issues in her petition, at trial, in her post-trial briefs, at the hearing on remand or in her memorandum of law filed subsequent to the hearing on remand. Respondent first became aware of petitioner's claims when petitioner submitted her alternative computation. Respondent contends that petitioner's claims are new issues which should not be allowed because petitioner was aware of such issues since the filing of the petition in 1987, she intentionally failed to raise such issues prior to issuance of the Court's Supplemental Memorandum Opinion, the issues involve years not before the Court, the issues involve a factual matter for which there are not facts in the record, the issues were unknown to *606 respondent prior to issuance of the Court's Supplemental Memorandum Opinion, and respondent would be substantially prejudiced due to the six year passage of time following the filing of the petition during which the relevant years in which the NOLs's arose and base years for income averaging could have been examined. Petitioner contends that she is not raising any new issues and that consideration of the NOL carrybacks and carryforwards and income averaging are purely mathematical adjustments triggered by the holding of the Fourth Circuit that punitive damages received by petitioner are taxable. Rule 155(c) provides: (c) Limit on Argument: Any argument under this Rule will be confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration.
"Generally, new issues may not be raised in a Rule 155 proceeding." . *607 "This is because, ordinarily, the record would have to be reopened in order to permit the taxpayer to introduce evidence establishing his entitlement to the carryback and its amount, which respondent would be free to contest." Id. The same is true with respect to income averaging because the taxpayer must prove, and the Commissioner must be free to contest, the base year returns. , affd. on this issue ; . The instant case was originally submitted fully stipulated. This Court rendered an opinion which was reversed by the Fourth Circuit. Subsequently, this Court held a hearing on remand on the issue of the allocation of punitive and compensatory damages. The parties filed supplemental briefs and this Court issued a Supplemental Memorandum Opinion requiring a decision to be entered under Rule 155. It was not until after respondent sent petitioner a Rule 155 computation and a proposed decision that petitioner asserted that she was entitled to NOL carrybacks and carryforwards *608 with respect to taxable years 1979, 1980, 1981, 1982, 1984, 1985, and 1986. Petitioner submitted various documents in support of her computation. Respondent contends that the documents relied on by petitioner raise more questions than they answer: For example, the documents appear to be offered as copies of returns and schedules filed by petitioner during the years 1979 through 1986. However, it appears from the photocopies provided to respondent (whereabouts of the original are unstated and unknown), that the petitioner has used 1986 forms as if they were forms from the previous years. For example, the Forms 1045 are 1986 forms. Apparently the 1986 revision dates have been obscured, and other references to 1986 have been scratched out. Such forms could not have possibly been filed before 1986. In addition, several of the documents appear to contain the handwriting of several individuals, and it is not clear when the writings were made. For example, on the 1980 amended return, there is a notation that the taxpayer is electing to carry over a NOL. It is not clear when this statement was added to the amended return that was allegedly filed in 1981.
Respondent contends *609 that any attempt by the government to examine such documents and petitioner's returns from such years is severely hampered by the fact that such returns would likely have long ago been destroyed under normal destruction procedures and that there is likely no chance that returns from the late 1970s and early 1980s still exist. Many of the copies of documents provided by petitioner are often unsigned and appear to be drafts. We agree with respondent that, under the circumstances of the instant case, petitioner may not raise the NOL carryback and carryforward issues and income averaging issues at this point in the proceedings. In , we distinguished the taxpayers' case from revg. and remanding , based upon the fact that the taxpayers never communicated their claim to the Commissioner. Our reasoning was as follows: We think the instant case is distinguishable from Kelley. In Kelley, before the notice of deficiency was sent, the taxpayers had filed an amended return electing *610 the use of income averaging in computing their tax liability. By contrast, in the instant case, petitioners made no prior claim to the NOL carryback deduction. Even if we were to adopt the reasoning of Kelley in the instant case, we do not find justification for petitioners' failure to timely raise the NOL carryback deduction issue in their pleadings. In Kelley, because the taxpayers made claim to income averaging prior to trial, the taxpayer could have assumed that the Commissioner was aware of their claim but that the Commissioner nevertheless decided not to contest it. No such assumption could have been made by petitioners in the instant case, however, because they had never communicated their claim to respondent -- only petitioners knew of the existence of the issue and could have raised it. [Fn. ref. omitted.]
In the instant case, as petitioner did not communicate her claims to respondent until the Rule 155 stage of the proceedings, the foregoing quote from Gladstone is equally applicable here. We reiterate what we said in Cloes v. Commissioner, 79 T.C. at 937: The plain, hard fact is that if we were to grant petitioners' *611 motions, we would of necessity have to reopen the record and afford petitioners a further trial. The petitioners would have to prove, and respondent would be free to contest, any and all items of income and deduction for the base period years. We see no requirement of justice that compels a favorable decision on petitioners' motions under such circumstances. Indeed, a further trial is exactly what is not permitted under Rule 155. Even if we were to treat petitioners' motions as constituting a request to the Court to reopen the record, we would reject the request. Proper judicial administration demands that there be an end to litigation and that bifurcated trials be avoided. Petitioners could readily have pleaded income averaging as an alternative position and presented the necessary evidence at the trial of this case. It is no answer to say that the need to follow such a course could not have been ascertained until the Court had determined petitioners' income and allowable deductions for the years involved.
Petitioner contends that she did not raise the NOL carryback issues earlier because she thought that the proceeds from the settlement were exempt from income tax. Petitioner *612 seems not to appreciate, however, the fact that the Fourth Circuit reversed us on the exemption issue. At the very least, petitioner should have raised such issues at the time of the remand. Because petitioner failed to raise such issues in the remand proceedings, the Court was not given the opportunity to take evidence on such issues. Likewise, respondent was denied any opportunity to consider and investigate the issues. Consequently, we think that it is just too late to allow petitioner to raise these claims at this stage of these proceedings. To reflect the foregoing, Decision will be entered in accordance with respondent's computation.