JOSEPH J. DELANEY AND JANE H. DELANEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Delaney v. Commissioner
Docket No. 3387-94.
United States Tax Court
T.C. Memo 1995-378; 1995 Tax Ct. Memo LEXIS 372; 70 T.C.M. (CCH) 353; August 8, 1995, Filed *372 Decision will be entered for respondent. Justin S. Holden, for petitioners. Carmino J. Santaniello and Bradford A. Johnson, for respondent. WELLS, Judge WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for taxable year 1991 in the amount of $ 20,580. The issues to be decided are: (1) Whether a portion of certain proceeds received by Joseph J. Delaney (petitioner) in settlement of a tort action is excludable from gross income under section 104(a)(2)[1] as "damages received on account of personal injuries", or whether such portion is includable in gross income as interest under section 61(a)(4); and (2) if a portion of the settlement proceeds is taxable as interest, whether petitioners are entitled to a miscellaneous itemized deduction under section 212(1) for attorney's fees paid with respect to such portion. *373 FINDINGS OF FACT Some of the facts and certain documents were stipulated for trial pursuant to Rule 91. The parties' stipulations are incorporated in this Memorandum Opinion by reference and are found accordingly. Petitioners resided in Smithfield, Rhode Island, at the time they filed their petition in the instant case. During October 1984, petitioners purchased condominium unit No. 7 (the condominium) in a development of condominiums known as Apple Valley in Smithfield, Rhode Island. On June 22, 1985, petitioner was injured when the railing on the deck of his condominium collapsed. Petitioner tumbled to the ground and broke his back as a result of the fall. During 1988, petitioner commenced a lawsuit in the Superior Court of Rhode Island against Apple Valley Associates, Inc. (Associates), Apple Valley Condominium Association, Inc. (Condominium), and Condominium Management, Inc. (Management), for damages (the tort action). Associates, a Rhode Island business corporation, developed petitioners' condominium. Condominium, a Rhode Island nonbusiness corporation, was an association of owners of the condominiums at Apple Valley. Management, a Rhode Island business corporation, was *374 retained by Condominium to manage the property at Apple Valley. Associates was uninsured against liabilities for injuries such as those sustained by petitioner. Condominium and Management were both insured against liabilities for personal injuries by American International Adjustment Co. Dennis J. McCarten represented petitioner in the tort action. George E. Healey of the law firm of Olenn & Penza represented Condominium and Management in the tort action. On October 12, 1990, the jury in the tort action returned a verdict in favor of petitioner against the three defendants in the amount of $ 287,000, consisting of $ 175,000 in damages and $ 112,000 in statutory interest under R.I. Gen. Laws section 9-21-10 (1985). In rendering its verdict, the jury assigned the following percentages of fault among the three defendants: Condominium and
Management
75% joint
Associates
25%
Under the laws of the State of Rhode Island, each of the three defendants in the tort action was jointly and severally liable for the entire $ 287,000 judgment. Each defendant in the tort action appealed the verdict to the Rhode Island Supreme Court. During the pendency of the appeal, on May 31, 1991, *375 Mr. McCarten proposed to settle the tort action with Condominium and Management. During subsequent settlement negotiations, Condominium and Management agreed to pay petitioner $ 250,000 in return for petitioner's release and discharge of all claims against the two defendants. Pursuant to a settlement agreement (the Settlement Agreement and Joint Tortfeasor Release), Condominium issued a check in the amount of $ 250,000 to Mr. McCarten. On June 12, 1991, petitioner, Condominium, and Management entered into a stipulation which stated in pertinent part: Plaintiffs' claims against Apple Valley Condominium Association, Inc. and Condominium Management Co. are hereby dismissed with prejudice. No interest. No costs.
The parties to the stipulation did not consider the tax consequences of such a stipulation. After deducting $ 85,866 in legal fees and costs, Mr. McCarten issued a check to petitioner in the amount of $ 164,134. Petitioners did not report any portion of the $ 250,000 settlement on their Federal income tax return for taxable year 1991. Petitioners did not deduct any legal fees associated with the tort action on their Federal income tax return for taxable year 1991. *376 Respondent determined a deficiency in petitioners' Federal income tax for taxable year 1991 in the amount of $ 20,580 based on the inclusion of 39 percent of the settlement proceeds (or $ 97,561) as prejudgment interest. The 39 percent figure was based on the fact that 39 percent (or $ 112,000) of the original award made by the jury was prejudgment interest. Additionally, respondent allowed petitioners a miscellaneous itemized deduction for legal fees in the amount of $ 33,509 based on the formula set forth in Church v. Commissioner, 80 T.C. 1104, 1111 n.8 (1983). OPINION We must decide whether a portion of the $ 250,000 settlement proceeds constitutes taxable interest. Petitioners contend that the entire $ 250,000 is excludable from gross income as damages from tortlike personal injuries pursuant to section 104(a)(2). Respondent concedes that the portion of the settlement proceeds attributable to petitioner's tort claim is excludable under section 104(a)(2) as damages received on account of personal injuries. Respondent, however, contends that the settlement agreement does not contain any specific allocations regarding interest. Additionally, respondent *377 contends that because the original judgment included statutory prejudgment interest in the amount of $ 112,000, the portion of the proceeds received in lieu of such interest is not excludable under section 104(a)(2). Respondent's determination in the notice of deficiency is presumptively correct, and petitioners have the burden of proving that no part of the amounts received constituted interest. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 61 defines gross income to include "all income from whatever source derived." Section 61(a)(4) specifically provides that gross income includes "interest." Section 104(a)(2) provides for the exclusion of "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries". The regulations broadly interpret this language as encompassing damages received "through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement in lieu of such prosecution." Sec. 1.104-1(c), Income Tax Regs. Statutory interest imposed on tort judgments, however, must be included in gross income *378 under section 61(a)(4) even under circumstances in which the underlying damages are excludable under section 104(a)(2). Robinson v. Commissioner, 102 T.C. 116, 126 (1994); Kovacs v. Commissioner, 100 T.C. 124, 128-130 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994); Aames v. Commissioner, 94 T.C. 189, 192 (1990); Burns v. Commissioner, T.C. Memo. 1994-284. We have often been asked to decide the proper allocation of the proceeds of a settlement agreement in the context of section 104(a)(2). See McKay v. Commissioner, 102 T.C. 465, 481-482 (1994). In cases involving a settlement agreement which contains an express allocation, such allocation is generally the most important factor in deciding whether a payment was made on account of a tortious personal injury for purposes of exclusion under section 104(a)(2). It is well settled that express allocations in a settlement agreement will be respected to the extent that the agreement is entered into by the parties at arm's length and in good *379 faith. Id. at 482; Robinson v. Commissioner, supra at 127; Threlkeld v. Commissioner, 87 T.C. 1294, 1306-1307 (1986), affd. 848 F.2d 81 (6th Cir. 1988); Fono v. Commissioner, 79 T.C. 680, 694 (1982), affd. without published opinion 749 F.2d 37 (9th Cir. 1984). In cases involving a civil damage action which has been settled, in order to characterize settlement proceeds as income which is taxable under section 61 or as income which is excluded from taxation under section 104(a)(2), we must ascertain "'in lieu of what were damages awarded'" or paid. McKay v. Commissioner, supra at 482 (quoting Bent v. Commissioner, 87 T.C. 236 (1986), affd. 835 F.2d 67 (3d Cir. 1987)). In deciding such questions, we must consider all of the facts and circumstances. McKay v. Commissioner, supra at 482. If no lawsuit was instituted by the taxpayer, then we must consider any relevant documents, *380 letters, and testimony. E.g., Fitts v. Commissioner, T.C. Memo. 1994-52, affd. 53 F.3d 335 (8th Cir. 1995). If a lawsuit was filed but not settled, or if a lawsuit was settled but no express allocations were made in the settlement agreement, we must consider the pleadings, jury awards, or any court orders or judgments. McKay v. Commissioner, supra at 483; Robinson v. Commissioner, supra; Miller v. Commissioner, T.C. Memo. 1993-49, supplemented by T.C. Memo. 1993-588, affd.    F.3d     (4th Cir., June 30, 1995). If a taxpayer's claims were settled and express allocations are contained in the settlement agreement, we must carefully consider such allocations. See Byrne v. Commissioner, 90 T.C. 1000, 1007 (1988) (quoting Metzger v. Commissioner, 88 T.C. 834, 837 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988)), revd. and remanded 883 F.2d 211 (3d Cir. 1989); *381 Bent v. Commissioner, supra at 211, Glynn v. Commissioner, 76 T.C. 116, 120 (1981), affd. without published opinion 676 F.2d 682 (1st Cir. 1982). As we stated above, however, we are not required to respect the express allocations unless they were negotiated at arm's length between adverse parties. Petitioners contend that the instant case is indistinguishable from McShane v. Commissioner, T.C. Memo. 1987-151, in which we held that none of the settlement proceeds received by the taxpayers were includable in gross income as interest, taking into account express language in a settlement agreement. Respondent contends that the instant case is distinguishable from McShane because petitioner's "Settlement Agreement and Joint Tortfeasor Release" did not contain express language as to the allocation of the settlement proceeds. Respondent also contends that the language found in the stipulation is ambiguous. In McShane, the taxpayers were seriously injured by a gas explosion and a fire occurring in a railroad yard. Subsequently, the taxpayers initiated negligence actions, and the jury *382 awarded the taxpayers compensatory damages totaling $ 1,275,000. Additionally, each taxpayer was entitled to statutory interest under State law. While the case was on appeal, the taxpayers and the defendants settled the lawsuit. As part of the written settlement agreements, the taxpayers agreed to accept lump-sum payments in settlement of the negligence suit. At the insistence of one of the defendants, the settlement agreements further provided that the proceeds were to be paid "without costs and interest." In negotiating the settlement amounts, the parties never addressed the tax consequences of settling the case without interest, but instead considered their respective risks in continuing the appeal. In McShane, we were required to decide whether any portion of the settlement proceeds received by each taxpayer was includable in income as interest. After a careful review of the record, we concluded that none of the settlement proceeds were attributable to interest. Our decision was based on the express language in the settlement agreements that payments were made "without costs and interest" as well as other evidence in the record which established that the inclusion of the language *383 in the settlement agreements was the result of bona fide arm's-length negotiations. In the instant case, in contrast to McShane, the jury verdict identified statutory interest as a specific component of the sum awarded to petitioner. The jury awarded petitioner $ 287,000, which consisted of $ 175,000 in tort damages and $ 112,000 in statutory prejudgment interest. The parties later settled for $ 250,000. Although the stipulation expressly provided that the settlement amount did not include interest, the record in the instant case, unlike McShane, is devoid of evidence that such provision of the stipulation was the product of arm's-length negotiations between the parties. The only evidence in the record is that the parties did not discuss the tax implications of such aspect of the stipulation. Accordingly, we conclude that petitioners have failed to establish that there was no interest component to the settlement. McKay v. Commissioner, 102 T.C. 465 (1994); Robinson v. Commissioner, 102 T.C. 116 (1994). Petitioners also contend that we are conclusively bound as to the characterization of the settlement proceeds *384 by Factory Mut. Liab. Ins. Co. of America v. Cooper, 262 A.2d 370 (R.I. 1970). In Factory Mutual, the Supreme Court of Rhode Island was called upon to analyze the plaintiff insurance company's liability to persons (the defendants) for injuries caused by the insured party in an automobile accident. The defendants had appealed judgments entered by the trial court. The narrow issue raised by the appeal was whether the plaintiff was obligated to pay, in excess of its policy limit, interest added to the verdicts in accordance with the mandate in R.I. Gen. Laws sec. 9-21-10. The court held that the plaintiff was not liable for such payment in excess of the policy limit. In so holding, the court construed the word "damages" as used in the insurance policy to include prejudgment statutory interest. Consequently, the plaintiff was liable for prejudgment interest included in the verdicts up to the policy limit. Respondent contends that petitioners' reliance on Factory Mutual is misplaced. We agree. The court in Factory Mutual did not hold that interest awarded under R.I. Gen. Laws sec. 9-21-10 is an element of damages as a general matter. Instead, *385 the court interpreted the word "damages" as used in the insurance policy in issue and held that interest was a part of the plaintiff's liability to which the policy limits applied. Consequently, we find that Factory Mutual is inapplicable to the instant case. All other arguments made by petitioners have been considered and found to be without merit. [2]
Based on petitioners' failure to meet their burden of proof, we sustain respondent's determination in the notice of deficiency with respect to the *386 inclusion of $ 97,561 as statutory prejudgment interest. [3]
In the notice of deficiency, respondent allowed petitioners a deduction under sections 212(1) and 265 for legal fees allocable to the interest portion of the settlement proceeds. Petitioners have failed to make any arguments or to offer any evidence with respect to the deductibility of their attorney's fees. Section 212(1) permits a deduction of all ordinary and necessary expenses paid for the production or collection of income. Section 265, however, disallows deductions for amounts which are allocable to tax-exempt income. Consequently, only the attorney's fees attributable to interest are deductible. In Church v. Commissioner, 80 T.C. 1104 (1983), we used the following formula to calculate the *387 correct deduction: Total attorney's fees x Nonexempt income/Total award = Deductible expenses In the instant case, respondent utilized the Church formula in the notice of deficiency. Because we have held that a portion of the settlement proceeds is interest and is includable in income, we sustain respondent's determination with respect to the deductibility of attorney's fees. Stocks v. Commissioner, 98 T.C. 1, 18 (1992); Metzger v. Commissioner, 88 T.C. at 860; Church v. Commissioner, supra at 1110-1111. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners also argue against the allocation of any portion of the settlement proceeds to statutory interest based on rule 62(d), Rules of Civil Procedure of the Superior Court of Rhode Island, which renders the execution of a judgment unenforceable during the pendency of an appeal from such judgment. Even if that rule had the effect of staying collection of the judgment pending appeal, as we have stated above, petitioners have failed to prove that no portion of the settlement proceeds was allocated to interest.↩
3. Petitioners only argue that none of the settlement proceeds should be allocated to interest, and do not alternatively argue that, if the settlement includes interest, the allocation should be calculated under a particular method.↩