USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-2066 JOSEPH P. DELANEY and JANE H. DELANEY, Petitioners, Appellants, v. COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.  ____________________ ON APPEAL FROM A DECISION OF THE UNITED STATES TAX COURT [Hon. Thomas B. Wells, U.S. Tax Court Judge] ____________________  ____________________ Before Torruella, Chief Judge, ___________ Cyr and Lynch, Circuit Judges. ______________  ____________________ Kimberly L. O'Brien, with whom Justin S. Holden and Justin S. ___________________ ________________ __________ Holden & Associates, Inc. were on brief for petitioners, appellants. _________________________ Kevin M. Brown, Attorney, Tax Division, Department of Justice, _______________ with whom Loretta C. Argrett, Assistant Attorney General, and Gary R. __________________ _______ Allen and Bruce R. Ellisen, Attorneys, Tax Division, Department of _____ _________________ Justice, were on brief for respondent, appellee.  ____________________ November 1, 1996  ____________________ CYR, Circuit Judge. Joseph J. and Jane H. Delaney CYR, Circuit Judge ______________ ("appellants" or "the Delaneys") challenge a United States Tax Court ruling upholding a determination by the Commissioner of Internal Revenue that a portion of their $250,000 settlement recovery in a tort-based action for personal injuries is subject to federal income tax as statutory prejudgment interest. We affirm the Tax Court ruling, without deciding whether prejudgment interest is ever excludable as "damages received on account of personal injuries" under Section 104(a)(2) of the Internal Revenue Code.  I I BACKGROUND BACKGROUND __________ In 1988, the Delaneys commenced a tort action in Rhode Island Superior Court, demanding damages for personal injuries sustained by Mr. Delaney in a fall from the second-floor porch of their Apple Valley condominium in Smithfield, Rhode Island. Apple Valley Associates, Inc., the condominium developer; Apple Valley Condominium Association, Inc., the condominium owners association; and Condominium Management, Inc., the management firm responsible for maintaining the condominium properties, were named as defendants.  On October 12, 1990, a jury awarded $150,000 to Mr. Delaney for personal injuries and $25,000 to Mrs. Delaney for loss of consortium, assigning fault among the three defendants as follows: Apple Valley Associates 25%; Apple Valley Condominium Association and Apple Valley Condominium Management, jointly, 2 75%. As required under Rhode Island law, the clerk of court added $112,000 in statutory prejudgment interest to the jury award, bringing the total judgment to $287,000. The defendants appealed the judgment to the Rhode Island Supreme Court. In 1991, while their appeal was still pending, Apple Valley Condominium Association, Inc. and Condominium Management, Inc. entered into a settlement agreement to pay the Delaneys $250,000 for a release of "any and all past, present, or future . . . claims . . . arising out of bodily injuries sustained by  Joseph P. Delaney . . . ."1 The agreement itself mentioned 1 neither prejudgment nor postjudgment interest; furthermore, it failed to indicate what, if any, understanding the settling parties had reached regarding any apportionment of the settlement amount as between prejudgment interest and compensatory damages. Subsequently, however, the settling parties filed a stipulation of dismissal with the Rhode Island Superior Court, which stated: "No interest. No costs."2 The stipulation was silent as to whether the term "interest" meant prejudgment interest, postjudgment interest, or both. The Delaneys did not declare the $250,000 on their 1991 federal income tax return. Ultimately, the Commissioner assessed  ____________________ 1Under the settlement agreement, both Mr. and Mrs. Delaney released their claims against Apple Valley Condominium Associa- tion, Inc. and Condominium Management, Inc. The Delaneys re- served their right to proceed against Apple Valley Associates, which was not a party to the settlement agreement.  2After deducting $85,866 in legal fees and expenses, counsel to the Delaneys issued them a check for $164,134. 3 a $20,580 deficiency for tax year 1991, which was calculated by allocating 39 percent or $97,561 of the settlement proceeds to prejudgment interest. The IRS based its 39 percent allocation on the fact that 39 percent (or $112,000) of the $287,000 superi- or court judgment constituted prejudgment interest.  The Delaneys initiated proceedings in the Tax Court, alleging that the entire $250,000 settlement had been properly excluded from gross income as "damages received . . . on account of personal injuries or sickness" pursuant to Section 104(a)(2) of the Internal Revenue Code. The Commissioner has conceded that the settlement amount attributable to compensatory damages for personal injuries is excludable, but not the statutory prejudg- ment interest. Through the testimony of their counsel in the underlying tort action, their letter proposing settlement to the defendants, the settlement agreement itself, and the stipulation of dismissal, the Delaneys attempted to show the Tax Court at trial that none of the settlement amount had been intended as prejudgment interest. After determining that the Delaneys had not met their burden of proving the Commissioner's assessment incorrect, the Tax Court ruled that the settlement included a prejudgment interest component amounting to $97,561, or 39% of the $250,000 settlement. Delaney v. Commissioner of Internal _______ _________________________ Revenue, 70 T.C.M. (CCH) 353 (1995).  _______ II II DISCUSSION DISCUSSION __________ This case concerns the inherent tension between two 4 sections of the Internal Revenue Code governing exclusions from gross income. Section 61(a) of the Internal Revenue Code states: "[e]xcept as otherwise provided in this subtitle, gross income _______ __ _________ ________ __ ____ ________ means all income from whatever source derived." 26 U.S.C.  61(a) (emphasis added). On the other hand, section 104(a)(2) of the Internal Revenue Code provides that "damages received . . . on account of personal injuries or sickness" are excludable from gross income. 26 U.S.C. 104(a)(2). The courts have accorded section 61(a) wide sweep. Commissioner v. Schleier, U.S.  ____________ ________ ____ _ , , 115 S. Ct. 2159, 2167 (1995); Brabson v. United States, 73 ___ _______ _____________ F.3d 1040, 1042 (10th Cir. 1996); O'Gilvie v. United States, 66 ________ ______________ F.3d 1550, 1555 (10th Cir. 1995), cert. granted, 116 S. Ct. 1316 _____ _______ (1996); see also 26 U.S.C. 61(a)(4) (including "interest" ___ ____ within definition of "gross income").  Thus, gain constitutes gross income under section 61(a) unless the taxpayer can demonstrate a specific exclusion. Brabson, 73 F.3d at 1042 (citing Schleier, U.S. at , _______ ________ ____ ______ 115 S. Ct. at 2163 (1995); Commissioner v. Glenshaw Gas Co., 348 ____________ ________________ U.S. 426, 430 (1955); Wesson v. United States, 48 F.3d 894, 898 ______ _____________ (5th Cir. 1995)). In determining exclusions under 104(a)(2), courts are "guided by the corollary to 61(a)'s broad construc- tion, the `default rule of statutory interpretation that exclu- sions from income must be narrowly construed.'" Id. (quoting __ Schleier, U.S. at , 115 S. Ct. at 2163). ________ _____ _____ The present appeal revolves around two principal claims. First, the Delaneys claim that the Tax Court improperly 5 second-guessed their settlement agreement with the defendants in the tort action by treating a portion of the $250,000 settlement as statutory prejudgment interest despite the explicit language in their subsequent stipulation of dismissal: "No interest. No costs." The Delaneys insist that the stipulated settlement term "no interest" unambiguously provides that the settlement amount included no interest component of any type. Second, appellants maintain that any prejudgment interest in a settlement recovery for personal injuries comes within the section 104(a)(2) exclu- sion for "damages" resulting from personal injuries. We find neither claim availing. A. Settlement Agreement A. Settlement Agreement ____________________ It is settled law that taxpayers bear the burden of proving that a tax deficiency assessment is erroneous. United ______ States v. Rexach, 482 F.2d 10, 16 (1st Cir.), cert. denied, 414 ______ ______ _____ ______ U.S. 1039 (1973); Tax Court Rule 142(a). The Supreme Court has held that the Commissioner's "ruling has the support of a pre- sumption of correctness, and the petitioner has the burden of proving it to be wrong." Welch v. Helvering, 290 U.S. 111, 115 _____ _________ (1933); see also United States v. Janis, 428 U.S. 433, 439 ___ ____ ______________ _____ (1976); Estate of Todisco v. Commissioner, 757 F.2d 1, 6 (1st __________________ ____________ Cir. 1985) (the basic rule in all tax cases places the burden of proof with the taxpayer). The rationale for this rule is more deeply rooted than the conventional regimen that places the burden of proof on the moving party. See Rexach, 482 F.2d at 16. ___ ______ Thus, in a tax deficiency suit "the burdens of going forward and 6 of ultimate persuasion are always on the taxpayer and never shift to the Commissioner." Id. at 16-17. Ultimately, of course, a __ tax deficiency assessment is subject to reversal if the taxpayer establishes by a preponderance of the evidence that it was erroneous. Estate of Whit v. Commissioner, 751 F.2d 1548, 1556 _______________ ____________ (11th Cir.), cert. denied, 474 U.S. 1005 (1985).  ____ ______ Viewed simply as a linguistic exercise, appellants' interpretation has a certain appeal. Since the settlement agreement language itself suggests no differentiation between damages and prejudgment interest, its silence plainly permits the interpretation that the entire $250,000 constituted recompense for personal injury. Moreover, the subsequent stipulation of dismissal executed by the parties to the tort action purports to fill the void by precluding with the language "No interest. No costs." the interpretation urged by the Commissioner.  The difficulty with appellants' approach lies in the fact that the required inquiry encompasses much more than the ________ mere language subscribed to by the parties, whether in the settlement agreement proper, the stipulation of dismissal, or both, because under established precedent the Tax Court must determine "in lieu of what were damages awarded" or paid.3 ____  ____________________ 3Of course, it is the nature of the settled claim itself ______ _____ which controls whether any of the settlement constituted compen- sation for a tort-type personal injury. Metzger v. Commissioner, _________ _______ ____________ 88 T.C. 834, 847 (1987), aff'd, 845 F.2d 1013 (Table) (3d Cir. _____ 1988); Glynn v. Commissioner, 76 T.C. 116, 119 (1981), aff'd, 676 _____________________ _____ F.2d 682 (Table) (1st Cir. 1982). Furthermore, "amounts received in compromise of a claim must be considered as having the same nature as the right compromised." Alexander v. I.R.S., 72 F.3d _________ ______ 938, 942 (1st Cir. 1995).  7 Alexander v. I.R.S., 72 F.3d 938, 942 (1st Cir. 1995) (emphasis _________ ______ added) (quoting Raytheon Production Corp. v. Commissioner, 144 __________________________ ____________ F.2d 110, 113 (1st Cir.), cert. denied, 323 U.S. 779 (1944)). ____ ______ See Getty v. Commissioner, 913 F.2d 1486, 1490 (9th Cir. 1990) ___ _____ ____________ (utilizing Raytheon's "in lieu of" test to classify, for tax ________ purposes, components comprising settlement amount)). See also ___ ____ Bent v. Commissioner, 87 T.C. 236 (1986), aff'd, 835 F.2d 67 (3d ____ ____________ _____ Cir. 1987). Moreover, the courts repeatedly have held that the intent of the payor is a key determinant whether a settlement recovery is excludable from gross income. See Knuckles v. ___ ________ Commissioner, 349 F.2d 610, 613 (10th Cir. 1965); Ray v. United ____________ ___ ______ States, 25 Cl. Cr. 535, 540 (1992), aff'd, 989 F.2d 1204 (Table) ______ _____ (Fed. Cir. 1993); Stocks v. Commissioner, 98 T.C. 1, 10 (1992); ______ ____________ Agar v. Commissioner, 290 F.2d 283, 284 (2d Cir. 1961), aff'g per ____ ____________ _____ ___ curiam 19 T.C.M. (CCH) 116 (1960). Thus, while acknowledging the  ______ importance of the terms employed in the stipulation of dismissal, the Tax court appropriately inquired, inter alia, whether a _____ ____ portion of the settlement amount represented prejudgment inter- est, by looking beyond the language utilized by the parties. Accordingly, confronted with a $250,000 postjudgment settlement literally allocating nothing to statutory prejudgment interest notwithstanding the $112,000 prejudgment interest component concededly included in the $287,000 superior court judgment, the Tax Court reasonably considered, inter alia, the _____ ____ intent of the parties in context. The Tax Court's approach seems especially apt in these circumstances, where a relevant indicator 8 extrinsic to the settlement documentation suggested that their choice of settlement language may have been driven by tax consid- erations. See Taggi v. United States, 35 F.3d 93, 96 (2d Cir. ___ _____ ______________ 1994); Glynn v. Commissioner, 76 T.C. 116, 121 (1981), aff'd, 676 _____ ____________ _____ F.2d 682 (Table) (1st Cir. 1982); Robinson v. Commissioner, 102 ________ ____________ T.C. 116, 126 (1994), aff'd. in part, rev'd. in part, 70 F.3d 34 ______ __ ____ ______ __ ____ (5th Cir. 1995), cert. denied, 65 U.S.L.W. 3252 (U.S. Oct. 07, _____ ______ 1996) (No. 95-2067); Threlkeld v. Commissioner, 87 T.C. 1294, _________ ____________ 1306-1307 (1986), aff'd, 848 F.2d 81 (6th Cir. 1988); Fono v. _____ ____ Commissioner, 79 T.C. 680, 694 (1982), aff'd, 749 F.2d 37 (Table) ____________ _____ (9th Cir. 1984); see also Mitchell v. Commissioner, 60 T.C.M. ___ ____ ________ ____________ (CCH) 1368 (1990) (allocation in settlement documentation not binding where taxpayer drafted document without participation or approval of adversary), aff'd, 992 F.2d 1219 (Table) (9th Cir.), _____ cert. denied, 510 U.S. 861 (1993).  _____ ______ Moreover, viewed in context the settlement term "no interest" is not without ambiguity as the Delaneys would have it. Rather, it may fairly be read either to provide for no interest, as the Delaneys suggest, or no interest in addition to the __ ________ $250,000 settlement amount. Under the latter interpretation, the stipulation of dismissal left open whether the $250,000 settle- ment amount included statutory prejudgment or postjudgment interest. Thus, in ascertaining the tax consequences of the final settlement, the Tax Court appropriately went beyond the explicit "no interest" allocation memorialized in the stipulation of dismissal, see Bent, 87 T.C. at 244, to consider any extrinsic ___ ____ 9 evidence probative of the true nature of the settlement.  The Tax Court was presented with a markedly similar situation on a prior occasion, where the taxpayers had obtained a $1,275,000 jury award in a personal injury action under a state- law regime that entitled them to statutory prejudgment interest. McShane v. Commissioner, 53 T.C.M. (CCH) 409 (1987). As in our _______ ____________ own case, the taxpayers in McShane eventually settled with the _______ tort-action defendants while their case was on appeal, for an amount greater than the jury award. Id.4 In the deficiency suit __ subsequently brought by the taxpayers, the Tax Court decided that it "must carefully review the settlement agreements and all other evidence in the record in order to determine whether the payments ultimately received included interest." Id. Its approach simply __ mirrors other Tax Court rulings requiring that all relevant facts and circumstances receive careful consideration in resolving such disputes.5 See Byrne v. Commissioner, 90 T.C. 1000, 1007 (1988), ___ _____ ____________  ____________________ 4In McShane, the settlement agreement itself, as distin- _______ guished from a separate stipulation, explicitly stated: "without costs and interest." Id. The Delaney Tax Court apparently did __ _______ not consider this distinction of significance, although the Commissioner had emphasized it in his argument. Delaney, 70 _______ T.C.M. 353. Moreover, though the taxpayers in McShane were _______ entitled to statutory prejudgment interest, it is unclear whether their judgment included it. On the other hand, the superior court judgment appealed from in Delaney did include statutory _______ prejudgment interest.  5Appellants cite McShane for their claim that the underlying _______ tort judgment had not become final since it was on appeal at the time of the settlement; therefore, following McShane, the debt _______ had not been liquidated and there was no fixed or determinable amount excludable under 104(a)(2). Appellants miss the point of McShane, however, wherein such indeterminacy merely allowed _______ _______ the Tax Court to go beyond the language of the settlement agree- ment. McShane, 53 T.C.M. (CCH) 409 (1987).  _______ 10 rev'd. on other grounds, 883 F.2d 211 (3d Cir. 1988); Glynn, 76 ______ __ _____ _______ _____ T.C. at 120; Robinson, 102 T.C. at 126; cf. Miller v. Commission- ________ __ ______ ___________ er, 65 T.C.M. (CCH) 1884 (1993), supplemented by 66 T.C.M. (CCH) __ 1568 (1993) (absent explicit allocations in settlement agreement itself, Tax Court may consider pleadings, jury award, and any court order or judgment in determining settlement payor's in-  tent), aff'd, 60 F.3d 823 (Table) (4th Cir. 1995); Fitts v. _____ _____ Commissioner, 67 T.C.M. (CCH) 2136 (1994) (if no lawsuit has been ____________ filed, court considers all relevant documents, letters and testimony), aff'd, 53 F.3d 335 (Table) (8th Cir. 1995).  _____ The McShane court considered a combination of factors. _______ First, the term "without costs and interest" had been included in the settlement agreement at the insistence of counsel for the principal defendant in the tort action. Second, the intentions _________ of all parties to the underlying tort action, as stated by their attorneys, were most consistent with an intention to pay no interest. Third, the Tax Court credited the testimony of all counsel in the tort action that the settlement amounts for each plaintiff had been arrived at by assessing the risks on appeal and that the tax consequences had never been discussed. Id.  __ The Tax Court in the present case pursued a similarly inclusive approach by probing beyond the settlement agreement terms, examining all relevant evidence including the testimony of the Delaneys' counsel in the underlying tort action, who stated that the excludability of the $250,000 settlement amount from gross income was never taken into account in the settlement 11 agreement, only the risks on appeal. In addition, however, the Tax Court considered a letter from the Delaneys' counsel propos- ing settlement to the tort-action defendants and noting that interest was continuing to accumulate on the superior court judg- ment. There was no testimonial evidence regarding the relevant intentions of any tort-action defendant.  Finally, the Tax Court considered the appropriateness of the parallel utilized by the Commissioner in apportioning the undifferentiated settlement amount as between prejudgment inter- est and compensatory damages. The Commissioner had allocated 39% of the $250,000 settlement to statutory prejudgment interest, representing the identical proportion by which the clerk of court, pursuant to Rhode Island law, had increased the jury's personal injury award. The Fifth Circuit has noted in similar circumstances that a jury verdict provides "the best indication of the worth" of the taxpayers' original tort claims. Robinson ________ v. Commissioner, 70 F.3d 34, 38 (5th Cir. 1995) (approving Tax ____________ Court's allocation of settlement proceeds based on percentage of damages represented by each element in jury award, where Tax Court went beyond terms of agreement settling action against bank for wrongful failure to release lien).  As the Tax Court supportably ruled that the Delaneys had not overcome the presumption of correctness to which the Commissioner's allocation is entitled, the allocation of 39% of the settlement amount to statutory prejudgment interest, substan- tially based upon the aforementioned parallelism, did not consti- 12 tute error. See Robinson, 70 F.3d at 38; Estate of Todisco, 757 ___ ________ __________________ F.2d at 5.  13 B. Excludability of Prejudgment Interest B. Excludability of Prejudgment Interest _____________________________________ The Delaneys next contend that statutory prejudgment interest itself is excludable as "damages received . . . on _______ account of personal injury or sickness," see 26 U.S.C.  ___ 104(a)(2) (1986) (emphasis added), because the "gross income" exclusion under section 104(a)(2) embraces all amounts recovered, by settlement or otherwise, as compensation for personal inju- ries, without regard to the stage in the litigation process at which settlement occurs. We address their predicate arguments in turn.  1. Tax Court Authorities  1. Tax Court Authorities  _____________________ The Delaneys challenge the leading precedent upon which the Tax Court relied, see Kovacs v. Commissioner, 100 T.C. 124 ___ ______ ____________ (1993), aff'd, 25 F.3d 1048 (Table) (6th Cir.), cert. denied, _____ ____ ______ ____U.S.____, 115 S. Ct. 424 (1994), for its holding that the prejudgment interest component in a compensatory damages recovery for personal injuries is taxable. The Delaneys maintain that .  Kovacs is unsound because it relied upon judicial precedents for ______ taxing postjudgment interest as authority for taxing prejudgment ____________ ___________ interest. Consequently, they contend, Kovacs progeny such as ______ Delaney are similarly flawed. As their argument is raised for _______ the first time on appeal, we decline to address it. See, e.g., ___ ____ Villfane-Neriz v. F.D.I.C., 75 F.3d 727, 734 (1st Cir. 1996) ______________ ________ (arguments first raised on appeal not ordinarily addressed).6   ____________________ 6Not only did the Delaneys themselves rely on Kovacs below ______ as support for their contention that prejudgment interest is not taxable, at no time did they broach their present argument that 14 2. Choice of Governing Law 2. Choice of Governing Law _______________________ The Delaneys next contend that Rhode Island law con- trols whether any statutory prejudgment interest included in a personal injury settlement constitutes "damages" for federal income tax purposes. Since prejudgment interest is an element of damages under Rhode Island law, appellants argue, the entire $250,000 settlement must be excluded from gross income under section 104(a)(2) as damages for personal injury.  The Tenth Circuit, recently confronted with a similar problem, noted that though state law governs the nature of legal interests and rights created under state law, the "federal tax consequences pertaining to such interests and rights are solely a matter of federal law." Brabson, 73 F.3d 1040, 1044 (Coffin, _______ J.). Accordingly, the Brabson panel first ascertained the _______ pertinent characteristics of statutory prejudgment interest under Colorado law, but then looked to federal law to determine its excludability. Id. at 1044. As we agree with the thoughtful __ approach in Brabson, we turn first to Rhode Island law to deter- _______ mine the nature of the statutory prejudgment interest ministeri- ally added by the superior court clerk to the personal injury damages award returned by the jury in this case.  Unlike the Colorado statute at issue in Brabson, _______ statutory prejudgment interest is not an element of damages in a personal injury action under Rhode Island law. DiMeo v. Philbin, _____ _______ 502 A.2d 825, 826 (R.I. 1986) (prejudgment interest in personal  ____________________ Kovacs and its progeny are not good law.  ______ 15 injury action purely statutory and therefore not an element of damages); Castrignano v. E.R. Squibb & Sons, Inc., 900 F.2d 455, ___________ ________________________ 463 (1st Cir. 1990) (prejudgment interest under Rhode Island law "is not an element of damages" in personal injury action) (citing Andrade v. State, 448 A.2d 1293, 1295 (R.I. 1982)).7 According- _______ _____ ly, in order to prevail, the Delaneys must establish that pre- judgment interest is excludable under section 104(a)(2) notwith- standing its state-law characterization.8  3. Interest as "Damages On Account of Personal Injuries" 3. Interest as "Damages On Account of Personal Injuries" ____________________________________________________ The two requirements for determining exclusions under section 104(a)(2) were recently explained in Schleier: ________ First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights"; and second, the taxpayer must show ___ that the damages were received "on account of personal injuries or sickness." Schleier, 115 S. Ct. at 2167 (emphasis added). Although their ________ underlying causes of action clearly satisfy the first prong, unless the Delaneys are able to make the second crucial showing  ____________________ 7Even though statutory prejudgment interest is an element of compensatory damages under Colorado law, the Brabson panel deter- _______ mined, for purposes of 26 U.S.C. 104(a)(2), that prejudgment interest under Colorado law is not "received on account of personal injury." 73 F.3d at 1044-47.  8The Delaneys cite, inappositely, to Factory Mut. Ins. Co. ______________________ v. Cooper, 262 A.2d 370 (R.I. 1970), for the proposition that ______ prejudgment interest constitutes "damages" under Rhode Island law. In Factory Mutual, the Rhode Island Supreme Court stated ______________ that the term "damages" included statutory prejudgment interest, id. at 373, while interpreting the term "damages" as used in an __ __ ____ __ __ insurance policy. Id. at 371. See also, e.g., Lombardi v. _________ ______ __ ___ ____ ____ ________ Merchants Mut. Ins. Co., 429 A.2d 1290, 1293 (R.I. 1981) (relying _______________________ on Factory Mutual for proposition that prejudgment interest _______________ constitutes damages in context of insurance subrogation action). 16 that the portion of their settlement recovery attributable to statutory prejudgment interest was "received on account of personal injuries or sickness" their claim fails. Id. ___ The second predicate showing necessitates what the Brabson court termed proof that "each element of damages was _______ linked to the injury itself." Brabson, 73 F.3d at 1043.9 The _______ Delaneys utterly failed to preserve any claim that the prejudg- ment interest component in their settlement recovery was linked to their personal injuries.10 Id. See also Manzoli v. Commis- __ ___ ____ _______ _______  ____________________ 9At this point in its analysis, the Brabson court, after _______ consulting established canons of interpretation, determined that prejudgment interest under Colorado law simply is not "received `on account of personal injuries or sickness'" notwithstanding the more hospitable state-law environment there involved (Schleier, 115 S. Ct. at 2167) and is therefore taxable under  ________ 104(a)(2). In reaching its decision, the Brabson court looked to _______ congressional intent and, most importantly, the "default rule" requirement that courts narrowly construe exclusions from gross income. Brabson, 73 F.3d at 1045-1046. _______ 10The Delaneys do advert on appeal to a "time loss value of money" element in statutory prejudgment interest, and assert that it constitutes compensatory damages because it is designed to make the personal injury victim whole. Their "make whole" claim was not preserved in the Tax Court, however. See Villfane-Neriz, ___ ______________ 75 F.3d at 734 (arguments first raised on appeal, not ordinarily addressed). No argument was made below that the statutory pre- judgment interest ministerially assessed by the clerk of court pursuant to Rhode Island law comprised both a taxable and a nontaxable component, nor did a "make whole" argument surface in any other developed manner before the Tax Court. The sum total of their efforts to surface such a claim consisted of a quotation from the district court opinion subsequently reversed in Brabson, _______ cited in service of the argument that prejudgment interest is an __ __ element of damages under Rhode Island law. Even more important- _______ __ _______ _____ _____ ______ ___ ____ ____ __________ ly, appellants established no evidentiary predicate which would __ have enabled the Tax Court to determine what portion of the statutory prejudgment interest ministerially added by the clerk of court constituted "make whole damages." See United States v. ___ _____________ Alzanki, 54 F.3d 994, 1009 (1st Cir. 1995) ("Appellant's utter _______ failure to [raise argument below] disabled the [court below] from making a reasoned assessment . . . in the first instance, and 17 sioner, 904 F.2d 101, 105 (1st Cir. 1990). As it is neither ______ necessary nor practicable to do so in this case, see note 10 ___ supra, we do not consider whether statutory prejudgment interest _____ may ever be excludable from gross income under 104(a)(2), an important question left for another day.  III III CONCLUSION CONCLUSION __________ For the foregoing reasons, the Tax Court judgment is affirmed and costs are awarded to appellee. So ordered. So ordered. __ _______  ____________________ from making the predicate factual findings upon which the claims depend."), cert. denied, 116 S. Ct. 909 (1996).  ____ ______ 18