T.C. Memo. 1997-528

UNITED STATES TAX COURT

JOSEPH S. ROZPAD and KATHLEEN M. ROZPAD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

FLORIANO DIBIASIO and ANGELA DIBIASIO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 6351-94, 6719-94.          Filed November 24, 1997.

<u>Justin S. Holden</u> and <u>Kimberly L. O'Brien</u>, for petitioners.

<u>Carmino J. Santaniello</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  Respondent issued notices of deficiency to
Joseph and Kathleen Rozpad for their 1992 tax year and to
Floriano and Angela DiBiasio for their 1989 tax year.  The
Rozpads and the DiBiasios each petitioned this Court in April of

1994. On April 1, 1997, we granted respondent's motion to consolidate the Rozpads' and the DiBiasios' cases.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are:

1. Whether portions of the proceeds received by petitioners in their respective settlements of tort actions are excludable from gross income under section 104(a)(2). We hold that they are not excludable.

2. Whether petitioners may, pursuant to section 212, deduct attorney's fees and costs relating to their respective settlements. We hold that they are entitled to deduct such fees and costs.

3. Whether the 3-year statute of limitation bars respondent from assessing and collecting the deficiency relating to the DiBiasios' 1989 tax year. We hold that it does not.

                        FINDINGS OF FACT

The parties submitted these cases fully stipulated pursuant to Rule 122. At the time the Rozpads filed their petition, they resided in Riverside, Rhode Island. At the time the DiBiasios filed their petition, they resided in Cranston, Rhode Island.

The Rozpads

On June 21, 1989, at the Memorial Hospital in Providence, Rhode Island, Dr. Douglas J. Glod operated on Mrs. Rozpad's right foot. Mrs. Rozpad was scheduled, however, to have an operation on her left foot. The Rozpads filed a medical malpractice claim in the Superior Court of Rhode Island against the Memorial Hospital and Dr. Glod. The Rozpads settled their dispute with the Memorial Hospital, but did not settle with Dr. Glod.

On May 8, 1992, a jury rendered a verdict against Dr. Glod and awarded $2 million to Mrs. Rozpad and $65,000 to Mr. Rozpad. As required by R.I. Gen. Laws sec. 9-21-10 (1985), the court added statutory prejudgment interest to the awards. On May 18, 1992, Dr. Glod filed a motion for a new trial or, in the alternative, a remittitur of the judgment. On August 19, 1992, the trial court ordered a new trial, solely on the issue of damages, unless Mrs. Rozpad agreed to remit all of the jury's verdict in excess of $650,000. On August 27, 1992, Mrs. Rozpad consented to the remittitur. On September 14, 1992, the trial court entered judgments for Mrs. Rozpad and Mr. Rozpad of $650,000 and $65,000, respectively, plus statutory prejudgment interest totaling $250,250.

Following the judgment, the Rozpads and Dr. Glod settled their dispute. The settlement agreement required Dr. Glod to pay the Rozpads $800,000 for a release and discharge of any and all past and future claims. During the settlement negotiations, the

- 4 -

parties did not discuss the tax consequences of the settlement. In addition, the agreement did not contain any reference to prejudgment or postjudgment interest. On September 18, 1992, the parties filed a stipulation of dismissal with the trial court. The stipulation states: "The above-entitled action is hereby dismissed, no interest, no costs." The settlement and stipulation of dismissal voided any judgment previously entered in the case. Dr. Glod's medical malpractice insurer issued an $800,000 check to the Rozpads and their attorney. Their attorney cashed the check; retained $361,112.87 for attorney's fees and costs; and issued a $438,887.13 check to the Rozpads. Dr. Glod's medical malpractice insurer did not issue a Form 1099, regarding the $800,000 settlement, to either the Rozpads or the Internal Revenue Service.

The Rozpads, on their 1992 Federal income tax return, neither reported any portion of the $800,000 settlement nor claimed any deductions relating to the medical malpractice dispute.

The DiBiasios

On July 9, 1982, at St. Joseph Hospital in Providence, Rhode Island, Dr. A. Louis Mariorenzi operated on Mr. DiBiasio's left knee. During the operation, Dr. Mariorenzi punctured an artery in Mr. DiBiasio's knee. As a result of complications relating to the punctured artery, Mr. DiBiasio required extensive vascular

surgery over the next 5 years, lost significant use of his leg, received a blood transfusion, and contracted a chronic blood disease for which he continues to receive treatment.

On February 8, 1984, Mr. DiBiasio commenced a medical malpractice action in the Superior Court of Rhode Island against Dr. Mariorenzi and St. Joseph Hospital.  Mr. DiBiasio settled his dispute with the hospital, but did not settle with Dr. Mariorenzi.

On May 8, 1989, following a 10-day trial, a jury rendered a verdict against Dr. Mariorenzi and awarded damages of $700,000 to Mr. DiBiasio.  As required by R.I. Gen. Laws sec. 9-21-10 (1985), the court added $572,810 in statutory prejudgment interest to the award, bringing the total judgment to $1,272,810.  Following the judgment, Mr. DiBiasio and Dr. Mariorenzi settled their dispute. The settlement agreement required Dr. Mariorenzi to pay Mr. DiBiasio $1 million for a release and discharge of any and all past and future claims.  During the settlement negotiations, the parties did not discuss the tax consequences of the settlement. In addition, the agreement did not contain any reference to prejudgment or postjudgment interest.

On May 15, 1989, Mr. DiBiasio and Dr. Mariorenzi filed a stipulation of dismissal with the trial court.  The stipulation states that the case is "Dismissed with prejudice, no interest, no costs."  Dr. Mariorenzi's medical malpractice insurer issued a

$1 million check to Mr. DiBiasio and his attorney. Mr. DiBiasio's attorney cashed the check; retained $447,460.21 for attorney's fees and costs; and issued a $552,539.79 check to Mr. DiBiasio. Dr. Mariorenzi's medical malpractice insurer did not issue a Form 1099, regarding the $1 million settlement, to either Mr. DiBiasio or the Internal Revenue Service.

The DiBiasios, on their Federal income tax return for the taxable year 1989, neither reported any portion of the $1 million settlement on their return nor claimed any deductions relating to Mr. DiBiasio's medical malpractice dispute.

OPINION

1. Allocation of Settlement Proceeds

Respondent determined that in each case petitioners' gross income includes the portion of their respective settlement that is attributable to prejudgment interest. Petitioners contend that no part of their respective settlement is attributable to prejudgment interest. To support their contention, petitioners rely on the stipulations of dismissal. The stipulations state "no interest." Petitioners contend that the phrase "no interest" means no portion of the settlement is allocable to prejudgment interest. For the following reasons, we reject petitioners' contention.

First, in Delaney v. Commissioner, 99 F.3d 20 (1st Cir. 1996), affg. T.C. Memo. 1995-378, the U.S. Court of Appeals for

the First Circuit found, on similar facts, that the phrase "no interest" is ambiguous and could mean that there is no interest in addition to the interest implicit in the settlement amount. See also Delaney v. Commissioner, T.C. Memo. 1995-378; Forest v. Commissioner, T.C. Memo. 1995-377, affd. without published opinion 104 F.3d 348 (1st Cir. 1996).  Second, the stipulations are not part of the settlement and do not relate to the allocation of settlement proceeds.  They are merely requests for the court to dismiss the respective actions without imposing interest or costs.  Accordingly, a portion of both the Rozpads' and the DiBiasios' settlement is allocable to prejudgment interest.

Respondent determined that a portion of each settlement must be allocated to statutory interest in the same ratio that statutory interest bore to the total judgment.  The facts and case law support respondent's determination.  Each settlement occurred after petitioners received awards of damages and prejudgment interest.  In Delaney, 99 F.3d at 25-26, the Court of Appeals affirmed this Court's finding that the prejudgment interest component of a settlement was in the same proportion as the prejudgment interest that was added to the court's damage award.  See Robinson v. Commissioner, 70 F.3d 34, 38 (5th Cir. 1995), affg. in part, revg. in part and remanding in part 102 T.C. 116 (1994); see also United States v. Burke, 504 U.S. 229,

237 (1992); <u>Alexander v. Commissioner</u>, 72 F.3d 938, 942 (1st Cir. 1995), affg. T.C. Memo. 1995-51.  Accordingly, we sustain respondent's determination.

2.  <u>Prejudgment Interest</u>

Petitioners contend that prejudgment interest is excludable from gross income.  They rely on section 104(a), which permits taxpayers to exclude "damages received (whether by suit or agreement * * *) on account of personal injuries or sickness".  Contrary to well-established precedent, petitioners contend that the receipt of prejudgment interest is tantamount to the receipt of "damages" within the meaning of section 104(a)(2).  In the seminal case <u>Kovacs v. Commissioner</u>, 100 T.C. 124 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994), and in every case this Court has decided since, we have consistently held that statutorily mandated prejudgment interest does not constitute "damages" within the meaning of section 104(a)(2). See, e.g., <u>Robinson v. Commissioner</u>, 102 T.C. 116 (1994); <u>Delaney v. Commissioner</u>, T.C. Memo. 1995-378; <u>Forest v. Commissioner</u>, <u>supra</u>; <u>Burns v. Commissioner</u>, T.C. Memo. 1994-284; see also <u>Brabson v. United States</u>, 73 F.3d 1040 (10th Cir. 1996). Prejudgment interest imposed by R.I. Gen. Laws sec. 9-21-10 is indistinguishable from the prejudgment interest at issue in <u>Kovacs</u> and its progeny.  <u>Delaney v. Commissioner</u>, T.C. Memo. 1995-378; <u>Forest v. Commissioner</u>, <u>supra</u>; see <u>Delaney v.</u>

Commissioner, 99 F.3d at 26.  Therefore, the Kovacs line of authority controls.

Petitioners contend that the holdings of Kovacs and its progeny are flawed and should not be followed.  We are, however, bound by this Court's prior decisions, unless subsequent events warrant a change in position.  See Vasquez v. Hillery, 474 U.S. 254, 266 (1986); Hesselink v. Commissioner, 97 T.C. 94, 99 (1991).  After considering the relevant post-Kovacs authorities including Commissioner v. Schleier, 515 U.S. 323 (1995) (holding that damages received under the Age Discrimination in Employment Act of 1967, Pub. L. 90-202, 81 Stat. 602, are not excludable pursuant to section 104(a)(2)) and O'Gilvie v. United States, 519 U.S. __, 117 S. Ct. 452 (1996) (holding that punitive damages are not excludable pursuant to section 104(a)(2)), we reject petitioners' contention that departure from Kovacs and its progeny is warranted.  Accordingly, petitioners must include in income the prejudgment interest portion of their respective settlements.

3.  Section 212 Deduction

Respondent determined that petitioners were entitled to an itemized deduction for attorney's fees and costs relating to the taxable portion (i.e., the portion relating to prejudgment interest) of their respective settlements.  Respondent's determination is presumed correct, and petitioners have the

- 10 -

burden of proving it erroneous.  Rule 142(a).  Petitioners have offered neither arguments nor evidence to contradict respondent's determination.  Accordingly, we affirm respondent's determination.  See Church v. Commissioner, 80 T.C. 1104 (1983); Forest v. Commissioner, supra.

4.  Statute of Limitations

The DiBiasios contend that respondent cannot assess or collect any tax deficiency for their 1989 tax year because the notice of deficiency was issued after the expiration of the 3-year period of limitation on assessment and collection.  Sec. 6501(a).  Respondent, however, contends that the 6-year period of limitation, which has not yet expired, is applicable because the DiBiasios omitted from gross income "an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return".  Sec. 6501(e)(1)(A). Respondent has the burden of proving that the exception applies. Burbage v. Commissioner, 82 T.C. 546, 553 (1984), affd. 774 F.2d 644 (4th Cir. 1985).

On their 1989 Federal income tax return, the DiBiasios reported gross income totaling $123,382.52 and omitted approximately $450,000 (i.e., more than 25 percent of the gross income reported).  Accordingly, the 6-year statute of limitation is applicable.

All other arguments raised by the parties are either irrelevant or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.