[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 97-1778

TERENCE M. BENNETT,

Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent, Appellee.

 

ON APPEAL FROM THE DECISION OF THE

UNITED STATES TAX COURT

[Hon. Robert P. Ruwe, U.S. Tax Court Judge] 

 

Before

Lynch, Circuit Judge, 

Coffin and Cyr, Senior Circuit Judges. 

 

Peter D. Anderson, with whom Scott H. Harris and McLane, Graf, 
Raulerson & Middleton, P.A. were on brief for appellant. 
Michelle B. O'Connor, Attorney, Tax Division, Department of 
Justice, with whom Loretta C. Argrett, Assistant Attorney General, and 
Gilbert S. Rothenberg, Attorney, Tax Division, Department of Justice, 
were on brief for appellee.

 

 FEBRUARY 25, 1998
 

Per Curiam. Petitioner Terence M. Bennett challenges Per Curiam. 

a United States Tax Court ruling rejecting his request for the

redetermination of a tax deficiency resulting from his receipt of

the proceeds from the sale of five antique automobiles. Bennett 

v. Commissioner, 73 T.C.M. (CCH) 2389 (1997). In the Tax Court 

Bennett maintained that some Saudi friends had owned the

vehicles, sold them, then loaned him the proceeds. See Webb v. 

Commissioner, 15 F.3d 203, 205 (1st Cir. 1994) ( [B]ona fide loan 

proceeds are not gross income to the borrower. ). On appeal, he

maintains that the burden of proving a deficiency assessment

predicated on unreported income should rest with the

Commissioner, not the taxpayer.

Bennett concedes, however, as he must, that the law in

this circuit is to the contrary, see Delaney v. Commissioner, 99 

F.3d 20, 23 (1st Cir. 1996) (citing United States v. Rexach, 482 

F.2d 10, 16 (1st Cir. 1973)), and that other courts of appeals

permit such burden-shifting only if the deficiency assessment is

manifestly arbitrary and capricious or devoid of a plausible

factual predicate for linking the taxpayer to the income, see, 

e.g., Portillo v. Commissioner, 932 F.2d 1128, 1132-33 (5th Cir. 

1991). Accordingly, the contention urged on appeal devolves into

a claim that the Tax Court s meticulous findings of fact are

clearly erroneous. See Crowley v. Commissioner, 962 F.2d 1077, 

1080 (1st Cir. 1992).

In support, Bennett simply points to inconclusive bits

of evidence which might be considered indicia of a bona fide loan 

2

transaction, at the same time downplaying a mountain of evidence

including his own admissions that he owned the vehicles and 

deliberately structured the transaction to avoid taxes. "Where

there are two permissible views of the evidence, the factfinder's

choice between them cannot be clearly erroneous." Id.  

Affirmed, see Local Rule 27.1. The parties shall bear Affirmed, see Local Rule 27.1. The parties shall bear 

their own costs. SO ORDERED. their own costs. SO ORDERED. 

3