LAUREL A. FOREST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forest v. Commissioner
Docket No. 4135-94.
United States Tax Court
T.C. Memo 1995-377; 1995 Tax Ct. Memo LEXIS 373; 70 T.C.M. (CCH) 349; August 8, 1995, Filed *373 Decision will be entered for respondent. Charles J. Reilly, for petitioner. Carmino J. Santaniello and Bradford A. Johnson, for respondent. WELLS, Judge WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1992 in the amount of $ 137,459. The issues to be decided are: (1) Whether a portion of certain proceeds received by petitioner in settlement of a negligence action is excludable from gross income under section 104(a)(2)[1] as "damages received * * * on account of personal injuries", or whether such portion is includable in gross income as interest under section 61(a)(4); and (2) if a portion of the settlement proceeds is taxable as interest (a) whether respondent's method of allocation between excludable damages and includable interest is incorrect and (b) whether petitioner is entitled to a miscellaneous itemized deduction under section 212(1) for attorney's fees paid with respect to such portion. *374 FINDINGS OF FACT Some of the facts and certain documents were stipulated for trial pursuant to Rule 91. The parties' stipulations are incorporated in this Memorandum Opinion by reference and are found accordingly. Petitioner resided in Tampa, Florida, at the time she filed her petition in the instant case. During late 1980 or early 1981, petitioner was hired as a salad chef by Brook Manor Pub, a bar-type restaurant located in South Attleboro, Massachusetts. On March 9, 1982, petitioner, while acting in her capacity as an employee of Brook Manor Pub, fractured her back when she slipped and fell inside her employer's walk-in refrigerator, manufactured by Bohn Refrigeration Products (Bohn). During 1985, petitioner commenced a products liability action against Bohn in the Superior Court of Rhode Island (the tort action). Petitioner was represented in the tort action by attorneys Joseph A. Kelly and Robert E. Hardman of the law firm of Carroll, Kelly and Murphy in Providence, Rhode Island. Bohn was insured by Aetna Casualty against liabilities for injuries such as those sustained by petitioner. Bohn was represented in the tort action by attorneys Matthew T. Oliverio and Stephen M. *375 Prignano of the law firm of Edwards and Angell in Providence, Rhode Island. On September 18, 1991, following a 9-day trial of the tort action, the jury returned a verdict in favor of petitioner against Bohn in the amount of $ 2,340,000 ($ 2,600,000 less 10 percent contributory negligence of $ 260,000). Under R.I. Gen. Laws section 9-21-10 (1985), petitioner was also entitled to statutory prejudgment interest in the amount of $ 2,667,600, resulting in a total judgment in the amount of $ 5,007,600. On September 27, 1991, Bohn filed a motion for a new trial. On October 15, 1991, following a hearing on Bohn's motion for a new trial, the Superior Court found that the jury's award "shocked the conscience" and ordered a new trial on the issue of damages, provided petitioner did not agree to a remittitur of $ 1,000,000 on or before November 15, 1991. On October 17, 1991, petitioner consented to the $ 1,000,000 remittitur. Following petitioner's filing of the remittitur, on October 17, 1991, the Superior Court entered a judgment for the petitioner against Bohn in the amount of $ 1,440,000, plus interest and costs. Under R.I. Gen. Laws section 9-21-10 (1985), the Clerk of the Court added to *376 the $ 1,440,000 judgment an additional $ 1,641,600, representing statutory prejudgment interest, which resulted in a total judgment against Bohn in the amount of $ 3,081,600. On October 30, 1991, Bohn appealed the judgment to the Rhode Island Supreme Court. While Bohn's appeal was pending before the Rhode Island Supreme Court, Bohn settled its dispute with petitioner. In return for a general release by petitioner of all claims for personal injuries, Bohn agreed to pay petitioner $ 2,000,000. In the general release, petitioner and Bohn did not allocate any portion of the $ 2 million settlement proceeds to either the damage award or prejudgment interest. During the settlement negotiations, the parties neither discussed whether any portion of the settlement proceeds should be allocated to interest nor stated that none of the settlement proceeds represented interest. On December 23, 1991, Bohn withdrew its appeal. Additionally, on December 23, 1991, attorneys Kelly and Oliverio executed a Satisfaction Stipulation which contained the following language: The judgment entered by this Court on October 17, 1991 in the amount of $ 1,440,000, plus interest and costs, has been fully satisfied.
*377 In accordance with the general release, on December 19, 1991, Aetna Casualty issued a check in the amount of $ 2,000,000, payable to petitioner and attorneys Kelly and Hardman. During 1992, petitioner received a check from the law firm of Carroll, Kelly & Murphy in the amount of $ 1,256,511.36, representing her share of the settlement proceeds after deductions for attorney's fees and costs. Petitioner's legal fees associated with the tort action were in the amount of $ 668,489. Petitioner did not report any portion of the settlement proceeds received or the costs associated with the tort action on petitioner's 1992 return. In the notice of deficiency, respondent determined a deficiency in petitioner's income tax for the taxable year 1992 in the amount of $ 137,459, based upon the inclusion in petitioner's 1992 gross income of additional interest income in the amount of $ 560,000. The $ 560,000 figure was computed as follows: Settlement proceeds
$ 2,000,000
less original damage award
1,440,000
560,000
Respondent also determined that, under section 212(1), petitioner was entitled to miscellaneous itemized deductions, subject to the 2 percent floor provided by section *378 67, for attorney's fees attributable to the interest portion of the settlement proceeds. OPINION We must decide whether a portion of the $ 2,000,000 settlement proceeds constitutes taxable interest. Petitioner contends that none of the $ 2,000,000 is includable in petitioner's income pursuant to section 104(a)(2) because it was a lump sum that was paid to petitioner to compensate for her personal injuries. Respondent concedes that the portion of the settlement proceeds attributable to petitioner's tort claim is excludable under section 104(a)(2) as damages received on account of personal injuries. Respondent, however, contends that because the original judgment included statutory prejudgment interest, the portion of the proceeds received in lieu of such interest is not excludable under section 104(a)(2). Respondent's determination in the notice of deficiency is presumptively correct, and petitioner has the burden of proving that no part of the amounts received constituted interest. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 61 defines gross income to include "all income from whatever source derived." Section 61(a)(4) specifically *379 provides that gross income includes "interest." Section 104(a)(2) provides for the exclusion of "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries". The regulations broadly interpret this language as encompassing damages received "through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement in lieu of such prosecution". Sec. 1.104-1(c), Income Tax Regs.Statutory interest imposed on tort judgments, however, must be included in gross income under section 61(a)(4), even under circumstances in which the underlying damages are excludable under section 104(a)(2). Robinson v. Commissioner, 102 T.C. 116, 126 (1994); Kovacs v. Commissioner, 100 T.C. 124, 128-130 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994); Aames v. Commissioner, 94 T.C. 189, 192 (1990); Burns v. Commissioner, T.C. Memo. 1994-284. We have often been asked to decide the proper allocation of the proceeds *380 of a settlement agreement in the context of section 104(a)(2). See McKay v. Commissioner, 102 T.C. 465, 481-482 (1994). In cases involving a settlement agreement which contains an express allocation, such allocation is generally the most important factor in deciding whether a payment was made on account of a tortious personal injury for purposes of the exclusion under section 104(a)(2). It is well settled that express allocations in a settlement agreement will be respected to the extent that the agreement is entered into by the parties at arm's length and in good faith. McKay v. Commissioner, supra at 482; Robinson v. Commissioner, supra at 127; Threlkeld v. Commissioner, 87 T.C. 1294, 1306-1307 (1986), affd. 848 F.2d 81 (6th Cir. 1988); Fono v. Commissioner, 79 T.C. 680, 694 (1982), affd. without published opinion 749 F.2d 37 (9th Cir. 1984). In cases involving a civil damage action that has been settled, in order to characterize the settlement proceeds as income that *381 is taxable under section 61 or as income which is excluded from taxation under section 104(a)(2), we must ascertain "in lieu of what were damages awarded" or paid. McKay v. Commissioner, supra at 482; Bent v. Commissioner, 87 T.C. 236 (1986), affd. 835 F.2d 67 (3d Cir. 1987). In deciding such questions, we must consider all of the facts and circumstances. McKay v. Commissioner, supra at 482. If no lawsuit was instituted by the taxpayer, then we must consider any relevant documents, letters, and testimony. E.g. Fitts v. Commissioner, T.C. Memo. 1994-52, affd. without published opinion 53 F.3d 335 (8th Cir. 1995). If a lawsuit was filed but not settled, or, if a lawsuit was settled but no express allocations were made in the settlement agreement, we must consider the pleadings, jury awards, or any court orders or judgments. McKay v. Commissioner, supra at 483; Robinson v. Commissioner, supra, Miller v. Commissioner, T.C. Memo. 1993-49, *382 supplemented by T.C. Memo. 1993-588, affd. without published opinion    F.3d     (4th Cir. 1995). If a taxpayer's claims were settled and express allocations were made in the settlement agreement, we must carefully consider such allocations. See Byrne v. Commissioner, 90 T.C. 1000, 1007 (1988) (quoting Metzger v. Commissioner, 88 T.C. 834, 837 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988)), revd. and remanded 883 F.2d 211 (3d Cir. 1989); Bent v. Commissioner, supra at 244; Glynn v. Commissioner, 76 T.C. 116, 120 (1981), affd. without published opinion 676 F.2d 682 (1st Cir. 1982). As we stated above, however, we are not required to respect the express allocations unless we are convinced that they were negotiated at arm's length between adverse parties. Relying on our opinion in McShane v. Commissioner, T.C. Memo. 1987-151, petitioner contends that the absence of any language in the general *383 release is equivalent to an express allocation of all of the settlement proceeds to personal injury damages. Respondent contends that McShane is distinguishable because the instant case does not involve an express allocation that the settlement proceeds did not include interest. We agree with respondent. In McShane, the taxpayers were seriously injured by a gas explosion and a fire occurring in a railroad yard. Subsequently, the taxpayers initiated negligence actions, and the jury awarded the taxpayers compensatory damages totaling $ 1,275,000. Additionally, each taxpayer was entitled to statutory interest under State law. While the case was on appeal, the taxpayers and the defendants settled the lawsuit. As part of the written settlement agreements, the taxpayers agreed to accept lump sum payments in settlement of the negligence suit. At the insistence of one of the defendants, the settlement agreements further provided that the proceeds were to be paid "without costs and interest." In negotiating the settlement amounts, the parties never addressed the tax consequences of settling the case without interest, but instead considered their respective risks in continuing the *384 appeal. In McShane, we were required to decide whether any portion of the settlement proceeds received by each taxpayer was includable in income as interest. After a careful review of the record, we concluded that none of the settlement proceeds were attributable to interest. Our decision was based on the express language in the settlement agreements that payments were made "without costs and interest" as well as other evidence in the record which established that the inclusion of that language in the settlement agreements was the result of bona fide arm's-length negotiations. Unlike McShane, in the instant case, no express allocations were made in the general release as to interest. Indeed, the general release does not even mention interest. Because there were no express allocations, we must look to other evidence in the record to decide whether any of the settlement proceeds are to be allocated to interest. The record in the instant case shows that the jury originally awarded petitioner $ 2,340,000 and that petitioner was entitled to $ 2,667,600 in prejudgment statutory interest under State Stat. R.I.section 9-21-10. Petitioner agreed to a $ 1,000,000 remittitur in order *385 to avoid a new trial. Subsequent to the filing of the remittitur by petitioner, the Superior Court entered a judgment for petitioner in the amount of $ 1,440,000, plus interest and costs. The Clerk of the Court added $ 1,641,600 in statutory prejudgment interest to the $ 1,440,000, resulting in a total judgment against Bohn in the amount of $ 3,081,600. After the parties settled on the $ 2,000,000 amount evidenced by the general release, the parties entered into a Satisfaction Stipulation which stated that "The judgment entered by this Court on October 17, 1991 in the amount of $ 1,440,000, plus interest and costs, has been fully satisfied." [2]
*386 Petitioner argues against the allocation of any portion of the settlement proceeds to statutory interest based on rule 62(d), Rules of Civil Procedure of the Superior Court of Rhode Island, which renders the execution of a judgment unenforceable during the pendency of an appeal from such judgment. Even if that rule had the effect of staying collection of the judgment of the trial court pending appeal, we nevertheless conclude that petitioners have failed to prove that the settlement included no interest. Additionally, petitioner contends that, because the $ 2,000,000 settlement is less than the original $ 2,340,000 jury award, no portion of the settlement can be attributable to interest. We are unaware of any precedent which establishes such a rule. To the contrary, in Robinson v. Commissioner, 102 T.C. 116 (1994), we found that a portion of the settlement proceeds were attributable to statutory prejudgment interest even though the settlement proceeds represented less than 20 percent of the original damage award. Based on the facts and circumstances of the instant case, we hold that petitioner has failed to establish that none of the settlement proceeds *387 were paid on account of prejudgement statutory interest. Next, we must decide what portion of the $ 2,000,000 settlement constitutes interest. On brief, respondent contends that the method used in the notice of deficiency to calculate the amount of interest income was inappropriate. Respondent contends that the proper method is one based on the jury award, i.e., because 53.3 percent of the original judgment (or, in the instant case, the judgment after the remittitur) constituted prejudgment statutory interest, then 53.3 percent of the settlement proceeds (or 53.3 percent of $ 2,000,000, which is $ 1,066,000) should be allocated to interest. Based on our calculations, we find that the interest portion of a $ 2,000,000 judgment accruing interest at a rate of 12 percent per annum over 9.5 years is $ 1,065,420.56. [3] Respondent, however, concedes that petitioner is not liable for a deficiency in excess of that set forth in the notice of deficiency. Accordingly, we sustain respondent's determination in the notice of deficiency that $ 560,000 of the settlement represents interest. *388 In the notice of deficiency, respondent allowed petitioner a deduction under sections 212(1) and 265 for legal fees allocable to the interest portion of the settlement proceeds. Petitioner has failed to make any arguments or to offer any evidence with respect to the deductibility of her attorney's fees. Section 212(1) permits a deduction of all ordinary and necessary expenses paid for the production or collection of income. Section 265, however, disallows deductions for amounts that are allocable to tax exempt income. Consequently, only the attorney's fees attributable to interest are deductible. In Church v. Commissioner, 80 T.C. 1104 (1983), we used the following formula to calculate the correct deduction: Total attorney's fees x Nonexempt income/Total award = Deductible expenses In the instant case, respondent utilized the Church formula in the notice of deficiency. Because we have held that a portion of the settlement proceeds is interest and is includable in income, we sustain respondent's determination with respect to the deductibility of attorney's fees. Stocks v. Commissioner, 98 T.C. 1, 18 (1992); Metzger v. Commissioner, 88 T.C. at 860 (1987); *389 Church v. Commissioner, supra at 1110-1111. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that petitioner's comparison of the original jury award to the settlement amount is questionable. Petitioner uses the original $ 2,340,000 amount, claiming that the verdict was reinstated on appeal under Dawes v. McKenna, 215 A.2d 235 (R.I. 1965). Under Dawes↩, however, the original award is not automatically reinstated but is merely open for review on appeal.
3. The formula we used to reach this amount is the following: principal + interest = $ 2 million interest = principal (.12) (9.5)↩