T.C. Memo. 1998-435


UNITED STATES TAX COURT


MICHAEL J. AND CARRIE L. WOODS, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

JACQUELYN WOODS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 12783-94, 12784-94.     Filed December 10, 1998.


Arthur I. Fixler, for petitioners.

Carmino J. Santaniello, for respondent.


MEMORANDUM OPINION

COLVIN, Judge:  Respondent determined that petitioners Michael J. and Carrie L. Woods had a $13,454 deficiency in income tax for 1992, and that petitioner Jacquelyn Woods had a $190,777 deficiency in income tax for 1992.

The sole issue for decision is whether part of the proceeds petitioners received in settlement of a tort action is prejudgment interest, and, if so, whether it is excludable from gross income as damages for a personal injury under section 104(a)(2). We hold that $78,190 (42.53 percent of the $183,852 payment to Michael and Carrie Woods) and $790,587 (42.53 percent of the $1,858,948 payment to Jacquelyn Woods) was prejudgment interest and is not excludable from income under section 104.

Unless otherwise specified, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted these cases fully stipulated under Rule 122.

### A. Petitioners

Petitioners Michael and Carrie Woods (the Woodses) lived in Warwick, Rhode Island, when they filed their petition. Jacquelyn Woods (Jacquelyn) is the minor child of the Woodses.

Jacquelyn was born on September 25, 1985. Jacquelyn's shoulder was injured during birth. This injury resulted in stunted growth of her arm and permanent weakness and restricted motion of her arm and shoulder.

### B. The Tort Action, Judgment, and Interest

The Woodses were represented by Mark Decof (Decof), who filed a medical malpractice suit in the Superior Court of Rhode

Island on July 1, 1986, individually and on behalf of Jacquelyn against Dr. Christos H. Erinakes (Dr. Erinakes) and Kent County Hospital. Dr. Erinakes was represented by Dennis J. McCarten (McCarten). Dr. Erinakes' medical malpractice insurer was Joint Underwriting Association (JUA).

In December 1991, the Woodses and Jacquelyn settled their claim against the hospital for an unspecified amount of damages. The settlement proceeds from the hospital are fully excludable from gross income under section 104(a)(2).

On December 11, 1991, a jury awarded damages against Dr. Erinakes of $1.2 million to Jacquelyn and $120,000 to the Woodses. The clerk of the court added statutory prejudgment interest of $888,000 as required by R.I. Gen. Laws section 9-21-10 (1997) to Jacquelyn's award, totaling $2,088,000. The jury award for Jacquelyn of $1.2 million is 57.47 percent of $2,088,000. The statutory prejudgment interest of $888,000 is 42.53 percent of $2,088,000. The clerk of the court added statutory prejudgment interest of $88,800 as required by R.I. Gen. Laws section 9-21-10 to the Woodses' award, totaling $208,800. The jury award for the Woodses of $120,000 is 57.47 percent of $208,800. The statutory prejudgment interest of $88,800 is 42.53 percent of $208,800.

On December 20, 1991, Dr. Erinakes moved for a new trial on all issues, or, alternatively, on the issue of damages. The trial court denied the motion on February 28, 1992. Dr. Erinakes

appealed the judgments and the trial court's denial of his motion for a new trial to the Rhode Island Supreme Court.

C.   The Settlement

While the appeal was pending, Dr. Erinakes agreed to pay Jacquelyn $1,858,948 and the Woodses $91,926 each for a release and discharge of any and all past or future claims.  The Woodses for themselves and on behalf of Jacquelyn, and Decof, signed the releases on April 14, 1992.  The parties did not discuss tax consequences during settlement negotiations.

On April 14, 1992, the Woodses and Dr. Erinakes filed a stipulation and stipulation of dismissal with the trial court.  On April 16, 1992, the trial court granted the parties' motion to approve the settlement of Jacquelyn's personal injury claim, subject to the creation of a trust fund which would provide for the receipt, investment, and disbursement of the net settlement proceeds paid to Jacquelyn.  The proceeds of the settlement were held in escrow by Decof pending approval of the settlement by the judge.  The Woodses created the Jacquelyn R. Woods Trust, which the trial court approved on July 15, 1992.  Neither the judgment nor the jury award was an enforceable final judgment under Rhode Island law because both were voided by the parties' settlement and stipulation of dismissal.

JUA issued a check for $183,852 to the Woodses and Decof on July 23, 1992.  JUA issued a check for $1,858,948 payable to Jacquelyn and Decof on July 23, 1992.  JUA did not issue a Form

1099 to the Woodses, Jacquelyn, or respondent regarding the proceeds.

Decof paid himself $63,379.81 for legal fees and costs and paid the Woodses $120,472.19. Decof paid himself $640,840.39 for legal fees and costs and paid Jacquelyn $1,218,107.61.

D.   Petitioners' 1992 Tax Returns and Respondent's Determination

The Woodses and Jacquelyn timely filed their 1992 Federal income tax returns. They did not report any of their settlement proceeds on their returns or deduct any legal fees or costs from the lawsuit.

Respondent issued a notice of deficiency in which respondent determined that Jacquelyn's deficiency in income tax was attributed to unreported interest income of $790,587, computed as follows:

|  | Original award | Percentage[1] | Settlement |
|---|---|---|---|
| Damages | $1,200,000 | 57.4712643 | $1,068,361 |
| Interest | 888,000 | 42.5287356 | 790,587 |
| Total | $2,088,000 | 100.0000000 | $1,858,948 |

[1] Rounded.

Respondent allowed Jacquelyn to deduct legal fees of $256,729 under section 212(1). The parties do not dispute this amount.

Respondent determined the Woodses' income tax deficiency was attributable to unreported interest income of $78,190, computed as follows:

|  | Original award | Percentage[1] | Settlement |
|---|---|---|---|
| Damages | $120,000 | 57.4712643 | $105,662 |
| Interest | 88,800 | 42.5287356 | 78,190 |
| Total | $208,800 | 100.0000000 | $183,852 |

[1] Rounded.

Respondent allowed the Woodses to deduct legal fees of $25,143 under section 212(1).  The parties do not dispute this amount.

## Discussion

A.  Whether Petitioners Received Prejudgment Interest, and If So, Whether It Is Excludable From Income Under Section 104

Petitioners contend that (1) their settlement is excludable under section 104(a), (2) they did not receive prejudgment interest, and (3) if they did receive prejudgment interest, it is excludable from income under section 104(a)(2).  We disagree.

A taxpayer may exclude from income "damages received (whether by suit or agreement * * *) on account of personal injuries or sickness".  Sec. 104(a)(2).  However, prejudgment interest is not excludable from income under section 104(a)(2).  Rozpad v. Commissioner, 154 F.3d 1, 6-7 (1st Cir. 1998), affg. T.C. Memo. 1997-528; Kovacs v. Commissioner, 100 T.C. 124 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994); Delaney v. Commissioner, T.C. Memo. 1995-378, affd. 99 F.3d 20 (1st Cir. 1996); Forest v. Commissioner, T.C. Memo. 1995-377, affd. without published opinion 104 F.3d 348 (1st Cir. 1996).

Respondent's determination is presumed to be correct, and petitioners bear the burden of proving otherwise.  Rule 142(a).

We must decide whether, and, if so, to what extent the settlement petitioners received was prejudgment interest, and whether it is excludable from income under section 104(a)(2).

In Rozpad v. Commissioner, supra, the U.S. Court of Appeals for the First Circuit, the circuit in which this case is appealable, approved the Tax Court's allocation of the prejudgment interest component of a settlement under Rhode Island law where the parties did not allocate any amount to prejudgment interest.  The allocation of prejudgment interest in Rozpad was calculated by applying a ratio based on the judgment of the State court, to apportion the total settlement between prejudgment interest (added to the State court's tort damage award under R.I. Gen. Laws section 9-21-10) and compensatory damages.  Rozpad is indistinguishable from this case.

The clerk of the Rhode Island court calculated a prejudgment interest component of $88,800 to the Woodses' award and $888,000 to Jacquelyn's award under R.I. Gen. Laws section 9-21-10, which was 42.53 percent of each total award.  Respondent determined that $78,190 of the $183,852 settlement with the Woodses and $790,587 of the $1,858,948 settlement with Jacquelyn was prejudgment interest by using as the ratio of prejudgment interest to total settlement the same ratio that the clerk of the

State court had used to calculate the prejudgment interest portion of the total judgment (that is, damages plus prejudgment interest).  Respondent correctly applied the Rozpad allocation formula.

B.    Petitioners' Other Contentions

Petitioners contend that prejudgment interest is part of damages under Rhode Island law and is therefore excludable under section 104(a)(2).  We disagree.  The Court of Appeals for the First Circuit concluded that prejudgment interest is separate and distinct from damages under Rhode Island law.  Rozpad v. Commissioner, supra at 6.

In Kovacs v. Commissioner, supra at 130, we held that statutorily imposed interest in a wrongful death case under Michigan law is not excluded from income under section 104. Petitioners contend that Kovacs v. Commissioner, supra, was wrongly decided, in part because it is inconsistent with the legislative history of section 104(a)(2).  We disagree with this argument, which was rejected by the Court of Appeals for the First Circuit in Rozpad v. Commissioner, supra at 5.

Petitioners rely on McShane v. Commissioner, T.C. Memo. 1987-151, where we found that a settlement did not include interest.  However, McShane does not control because in that case the parties agreed in a bona fide arm's-length negotiated

settlement that the settlement amount did not include costs or interest.

In contrast, the parties here did not agree that the settlement amount did not include costs or interest. Petitioners point out that the stipulation to dismiss the tort action filed with the Superior Court specified "No costs. No interest" and contend that the stipulation to dismiss controls the allocation of interest in the settlement at issue. We rejected this argument in Rozpad v. Commissioner, T.C. Memo. 1997-528, where we said: "the stipulations are not part of the settlement and do not relate to the allocation of settlement proceeds. They are merely requests for the court to dismiss the * * * [action] without imposing interest or costs."

C. Conclusion

Applying the allocation formula in Rozpad, we conclude that $78,190 (i.e., 42.53 percent of $183,852) of the settlement paid for the Woodses and $790,587 (i.e., 42.53 percent of $1,858,948) of the settlement paid for Jacquelyn was prejudgment interest and is not excludable from income under section 104.

To reflect the foregoing,

Decisions will be entered

for respondent.