T.C. Memo. 1998-433

UNITED STATES TAX COURT

JOSEPH M. PERRY, Petitioner <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 24068-95.                    Filed December 10, 1998.

Joseph M. Perry, pro se.

<u>Carmino J. Santaniello</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  Respondent determined that petitioner had a
$12,024 deficiency in income tax for 1990.  The sole issue for
decision is whether part of the $137,437.50 petitioner received
in settlement of a tort action is prejudgment interest, and, if
so, whether it is excludable from gross income as damages for a

personal injury under section 104(a)(2).  We hold that $64,510.60 (45.43 percent of the $137,437.50 payment) was prejudgment interest, and is not excludable under section 104.

Unless otherwise specified, section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted this case fully stipulated under Rule 122.

### A.   Petitioner

Petitioner resided in North Scituate, Rhode Island, when he filed his petition.

On October 12, 1982, while petitioner was driving his motorcycle, he was struck by a truck attempting to make an illegal U-turn.  The truck was owned by Allied Fence & Guardrail, Inc. (Allied Fence), and driven by an Allied Fence employee. Petitioner suffered serious back injuries, requiring more than 3 years of physical therapy.

### B.   The Tort Action, Judgment, and Interest

Petitioner was represented by John Coughlin (Coughlin) who filed a personal injury lawsuit on petitioner's behalf in the Superior Court of Rhode Island on November 13, 1984, against Allied Fence and the employee driving the truck.  Allied Fence was represented by Peter J. Comerford (Comerford) and was insured by Aetna Life and Casualty (Aetna).

On September 20, 1989, a jury awarded petitioner $75,000 in damages. The clerk of the court added statutory prejudgment interest of $62,437.50 as required by R.I. Gen. Laws section 9-21-10 (1997). This totals $137,437.50. The jury award of $75,000 is 54.57 percent of $137,437.50. The statutory prejudgment interest of $62,437.50 is 45.43 percent of $137,437.50.

C. The Settlement

Following the judgment, Allied Fence moved for a remittitur or amendment of the verdict on comparative negligence or, in the alternative, for a new trial. Petitioner also filed a posttrial motion for an additur. The trial court denied these motions and ordered that the verdict in the full amount be "entered forthwith." The judgment, entered on December 5, 1989, for petitioner and against Allied Fence and its employee was for $75,000 "with interest as provided by law."

On December 12, 1989, Allied Fence and its employee filed a notice of appeal with the Rhode Island Supreme Court.

Following the judgment, Aetna agreed to pay petitioner $142,000 (rounded) in exchange for a release and discharge of any and all past or future claims. Petitioner and Coughlin signed the release on November 1, 1990. The parties did not discuss tax consequences during the negotiation of the settlement. The release did not state whether any of the $142,000 was interest, and the parties did not otherwise allocate any of the amount to

interest. On October 31, 1990, the parties had filed a stipulation of dismissal with the trial court. The judgment entered on December 5, 1989, was not an enforceable final judgment under Rhode Island law because it was voided by the parties' settlement and the stipulation of dismissal.

Aetna paid $142,000 to petitioner and Coughlin on November 2, 1990. Aetna did not issue a Form 1099 to petitioner or respondent regarding the payment.

Coughlin paid himself $55,389 for legal fees and costs and paid petitioner $86,610.41.

D.  Petitioner's 1990 Tax Return and Respondent's Determination

Petitioner timely filed his 1990 Federal income tax return. He did not report any of the $142,000 and did not deduct any legal fees or costs related to the lawsuit.

Respondent issued a notice of deficiency in which respondent determined that petitioner had failed to report interest income of $67,000[1] and had an income tax deficiency of $12,024. Respondent allowed petitioner to deduct legal fees and costs of

---

[1] Respondent concedes that prejudgment interest was only $64,510.60.

$18,984 under section 212(1). The parties do not dispute this amount.

Discussion

Petitioner contends that his entire settlement is excludable under section 104(a), and that he did not receive prejudgment interest because the parties did not allocate any amount to it and because the money he received was paid pursuant to an out-of-court settlement. We disagree.

A taxpayer may exclude from income "damages received (whether by suit or agreement * * *) on account of personal injuries or sickness". Sec. 104(a)(2). However, prejudgment interest is not excludable from income under section 104(a)(2). Rozpad v. Commissioner, 154 F.3d 1, 6-7 (1st Cir. 1998), affg. T.C. Memo. 1997-528; Kovacs v. Commissioner, 100 T.C. 124 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994); Delaney v. Commissioner, T.C. Memo. 1995-378, affd. 99 F.3d 20 (1st Cir. 1996); Forest v. Commissioner, T.C. Memo. 1995-377, affd. without published opinion 104 F.3d 348 (1st Cir. 1996).

Respondent's determination is presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a).

We must decide whether, and, if so, to what extent the $142,000 settlement petitioner received was prejudgment interest, and whether it is excludable from income under section 104(a)(2).

In Rozpad v. Commissioner, supra, the U.S. Court of Appeals for the First Circuit, the circuit in which this case is

appealable, approved the Tax Court's allocation of part of a settlement under Rhode Island law to prejudgment interest where the parties had not allocated any amount to prejudgment interest. The allocation of prejudgment interest in Rozpad was calculated by applying a ratio based on the judgment of the State court to apportion the total settlement between prejudgment interest (added to the State court's tort damage award under R.I. Gen. Laws section 9-21-10) and compensatory damages. Rozpad is indistinguishable from this case.

The clerk of the Rhode Island court calculated that the prejudgment interest component of the jury award was $62,437.50 under R.I. Gen. Laws section 9-21-10, which was 45.43 percent of the total award. Applying the allocation formula in Rozpad, we conclude that $64,510.60 (i.e., 45.43 percent of $142,000) of the $142,000 settlement was prejudgment interest and is not excludable from income under section 104.

To reflect the foregoing,

Decision will be entered under Rule 155.