T.C. Memo. 1998-453


UNITED STATES TAX COURT


MANUEL J. SERPA, JR. AND PATRICIA A. SERPA, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8209-94.                    Filed December 28, 1998.


Lewis J. Paras, for petitioners.

Carmino J. Santaniello, for respondent.


MEMORANDUM OPINION


COLVIN, Judge:  Respondent determined that petitioners had a $12,017 deficiency in income tax for 1991.  The sole issue for decision is whether part of the $150,000 petitioners received in settlement of a tort action is prejudgment interest, and, if so, whether it is excludable from gross income as damages for a

personal injury under section 104(a)(2).  We hold that $42,910 (28.61 percent of the $150,000 payment)[1] was prejudgment interest and is not excludable under section 104.

Unless otherwise specified, section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted this case fully stipulated under Rule 122.

### A. Petitioners

Petitioners resided in Greenwich, Rhode Island, when the petition was filed.

On January 18, 1987, petitioner Patricia A. Serpa (Mrs. Serpa) was riding in a car driven by petitioner Manuel J. Serpa, Jr. (Mr. Serpa), when it was struck by a car driven by Denise A. Danis and owned by Daniel A. Danis (the Danises).  Mrs. Serpa suffered back injuries.

### B. The Tort Action, Judgment, and Interest

Mrs. Serpa was represented by Joseph J. McGair (McGair), who filed a personal injury lawsuit on her behalf in the Superior Court of Rhode Island on July 17, 1989, against the Danises.  The

---

[1] The parties stipulated that if we find that a part of the settlement is allocable to statutory interest, $42,910 of the settlement is taxable income.

Danises were represented by John L. Capone (Capone) and were insured by Allstate Insurance Co. (Allstate).

On January 3, 1990, the trial court entered a default judgment against the Danises, and, on May 18, 1990, filed a final entry of judgment in which the court awarded Mrs. Serpa $115,000 plus interest and costs. The clerk of the court added statutory prejudgment interest totaling $46,079 as required by R.I. Gen. Laws section 9-21-10 (1985). This totals $161,079. The award of $115,000 is 71.39 percent of $161,079. The statutory prejudgment interest of $46,079 is 28.61 percent of $161,079.

On June 19, 1990, the Danises filed a motion to vacate the judgment. On January 23, 1991, the trial court denied the Danises' motion. The Danises appealed the denial of their motion to the Rhode Island Supreme Court.

C.   The Settlement

After filing the notice of appeal, the Danises agreed to pay Mrs. Serpa $150,000 for a release and discharge of any and all past or future claims. Petitioners and Lewis J. Paras signed the release on May 24, 1991. The parties did not discuss tax consequences during settlement negotiations. The release did not state whether any of the $150,000 was interest, and the parties did not otherwise allocate any of the amount to interest. On June 5, 1991, the parties filed a stipulation of dismissal with the trial court. Another stipulation was filed on June 14, 1991, that the "matter may be dismissed with prejudice; no interest, no

costs."  The final entry of judgment filed on May 18, 1990, was not an enforceable final judgment under Rhode Island law because it was voided by the parties' settlement.  The stipulation of dismissal voided the judgment previously entered in that case.

Allstate issued checks totaling $150,000 to Mrs. Serpa and McGair on May 17, 1991.  Allstate issued a Form 1099 to Mrs. Serpa and respondent stating that Allstate was paying $50,000 in taxable interest income to petitioners.  At the request of Mrs. Serpa, Allstate issued an amended Form 1099 that stated Allstate was not paying petitioners any taxable income.

McGair paid himself $51,291.37 for legal fees and costs and paid Mrs. Serpa $98,708.63.

D.    Petitioners' 1991 Tax Return and Respondent's Determination

Petitioners timely filed their 1991 Federal income tax return.  They did not report in income any of the $150,000 and did not deduct any legal fees or costs related to the lawsuit.

Respondent issued a notice of deficiency in which respondent determined that petitioners had an income tax deficiency of $12,017.  Respondent determined that petitioners failed to report interest income of $50,000.[2]  Respondent did not allow petitioners to deduct legal fees and costs.[3]

---

[2] Respondent concedes the prejudgment interest component of the $150,000 settlement is $42,910.

[3] Respondent concedes that petitioners are entitled to deduct legal fees and costs if respondent prevails on the
(continued...)

## Discussion

A.   Whether Petitioners Received Prejudgment Interest, and If
     So, Whether It Is Excludable From Income Under Section 104

Petitioners contend that (1) their settlement in its entirety is excludable under section 104(a), (2) they did not receive prejudgment interest, and (3) if they did receive prejudgment interest, it is excludable from income under section 104(a)(2).  We disagree.

A taxpayer may exclude from income "damages received (whether by suit or agreement * * *) on account of personal injuries or sickness".  Sec. 104(a)(2).  However, prejudgment interest is not excludable from income under section 104(a)(2). Rozpad v. Commissioner, 154 F.3d 1, 6-7 (1st Cir. 1998), affg. T.C. Memo. 1997-528; Kovacs v. Commissioner, 100 T.C. 124 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994); Delaney v. Commissioner, T.C. Memo. 1995-378, affd. 99 F.3d 20 (1st Cir. 1996); Forest v. Commissioner, T.C. Memo. 1995-377, affd. without published opinion 104 F.3d 348 (1st Cir. 1996).

Respondent's determination is presumed to be correct, and petitioners bear the burden of proving otherwise.  Rule 142(a).

We must decide whether, and, if so, to what extent the $150,000 settlement petitioner received was prejudgment interest, and whether it is excludable from income under section 104(a)(2).

---

[3](...continued)
prejudgment interest issue.

In Rozpad v. Commissioner, supra, the U.S. Court of Appeals for the First Circuit, the circuit in which this case is appealable, approved the Tax Court's allocation of the prejudgment interest component of a settlement under Rhode Island law where the parties did not allocate any amount to prejudgment interest. The allocation of prejudgment interest in Rozpad was calculated by using a ratio based on the judgment of the State court to apportion the total settlement as between prejudgment interest (added to the court's tort damage award under R.I. Gen. Laws section 9-21-10) and compensatory damages. Rozpad is indistinguishable from this case.

The clerk of the Rhode Island court calculated a prejudgment interest component of $62,437.50 of the judgment under R.I. Gen. Laws section 9-21-10, which was 28.61 percent of the total judgment. Applying the allocation formula in Rozpad, we conclude that $42,910[4] of the $150,000 was prejudgment interest.

B.   Petitioners' Other Contentions

Petitioners contend that we should not consider the Form 1099 that Allstate issued that stated Allstate was paying petitioners $50,000 as prejudgment interest because Allstate issued it unilaterally. We do not consider that form.[5]

---

[4] Respondent concedes that this amount is correct.

[5] Petitioners make no argument based on the amended Form 1099 that Allstate issued.

Petitioners point out that the settlement in this case voided the May 18, 1990, judgment and contend there is no judgment for which the clerk can calculate prejudgment interest. We disagree. The Court of Appeals for the First Circuit rejected this argument in Rozpad v. Commissioner, supra at 3. We do so here for the same reasons. It is fair to assume, absent a contrary allocation, that interest and damages compose the same proportions of the settlement as of the voided antecedent judgment. Rozpad v. Commissioner, supra at 4. The proper question for decision is "'in lieu of what were damages awarded' or paid." Delaney v. Commissioner, 99 F.3d at 23-24; Alexander v. IRS, 72 F.3d 938, 942 (1st Cir. 1995), affg. T.C. Memo. 1995-51. The Court of Appeals for the First Circuit affirmed our decision that part of the damages was paid in lieu of prejudgment interest. Rozpad v. Commissioner, supra at 4-5.

Petitioners contend that the entire settlement should be excluded because it was reached while the appeal of a judgment was pending. Petitioners contend that our result is inequitable to those who settle while the appeal of a judgment is pending because a party who settles a case before judgment receives better tax treatment than one who settles after judgment even if they settle for the same amount. Petitioners do not explain how this is so.

Petitioners' contention could be based on the fact that R.I. Gen. Laws section 9-21-10 applies "In any civil action in which a

verdict is rendered or a decision made for pecuniary damages". Thus, statutory prejudgment interest is not required under Rhode Island law if the parties settle before judgment and there is no verdict or court decision. We are not persuaded that it is inequitable to apply the Rozpad allocation formula here. Although the parties in Rozpad and in Delaney did not specifically argue this issue, the parties in those cases settled their tort cases while their cases were on appeal. The fact that the case was appealed did nothing to change the facts or law upon which the clerk of the trial court based the calculation of statutory prejudgment interest. Procedurally, Rozpad and Delaney are indistinguishable from this case.

Petitioners point out that the Rhode Island Supreme Court said that "judgment" in R.I. Gen. Laws section 9-21-10a is a final judgment from which no appeal is taken or a judgment affirmed on appeal. Lombardi v. Goodyear Loan Co., 549 A.2d 1025, 1026 (R.I. 1988). Petitioners contend that, as a result, no amount of the settlement in this case would be allocated to prejudgment interest under R.I. Gen. Laws section 9-21-10. We disagree with petitioners' claim that Lombardi applies here. The issue in Lombardi was whether the prejudgment interest rate was 6 or 12 percent. There is no dispute that the 12-percent rate applies in this case. Rozpad v. Commissioner, supra; Delaney v. Commissioner, supra.

Petitioners contend that respondent's allocation is inconsistent with section 104(a)(2).  We reject this argument, as did the Court of Appeals in Rozpad v. Commissioner, supra at 3-6.

Petitioners contend that prejudgment interest should not be more than $35,000 because any more than that amount would cause the tax-free amount of their settlement to be worse than the tax-free amount of their default judgment award.  We disagree.  Like the taxpayers in Rozpad and Delaney, petitioners agreed to settle their case for less than the total of the judgment and prejudgment interest they would have received if they prevailed on appeal.  The Court of Appeals for the First Circuit affirmed our decisions approving the Commissioner's method of allocating prejudgment interest in Delaney and in Rozpad.

C.    Conclusion

Applying the allocation formula in Rozpad, we conclude that $42,910 (i.e., 28.61 percent of $150,000) of the settlement was prejudgment interest and is not excludable under section 104.

To reflect the foregoing,

Decision will be entered under Rule 155.