T.C. Memo. 2003-36

UNITED STATES TAX COURT

CHRISTOPHER J. AND VICKILYNN M. MCCANN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 370-01.                    Filed February 14, 2003.

A. Albert Ajubita and Wanda L. Theriot, for petitioners.

Susan S. Canavello, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent determined an $83,922 deficiency in petitioners' Federal income tax for 1994.

Petitioners received $839,000 in 1994 in settlement of a medical malpractice lawsuit.  Respondent concedes that $583,017 of that amount is excludable under section 104(a)(2).  The sole issue for decision is whether the remaining $255,983 is also

excludable from income under section 104(a)(2), as petitioners contend, or is interest includable in income under section 61(a)(4), as respondent contends. We hold that it is interest.

Unless otherwise specified, section references are to the Internal Revenue Code in effect for 1994, and Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners resided in Slidell, Louisiana, when they filed the petition.

A. The Lawsuits

1. The First $100,000 of Damages

On June 5, 1985, petitioners filed a medical malpractice lawsuit against Pendleton Memorial Methodist Hospital, et al. (Pendleton Hospital), in the Civil District Court for the Parish of New Orleans, Louisiana (State court). Louisiana law limits the liability of qualified health care providers for malpractice claims to $100,000, plus interest. La. Rev. Stat. Ann. sec. 40:1299.42(B)(2) (West 2001). In April 1992, petitioners settled their claim against Pendleton Hospital for $75,000. This ended the hospital's liability for the first $100,000 under the Louisiana Medical Malpractice Act.

2.   The Remaining $400,000 of Damages

Under Louisiana law, the Louisiana Patient's Compensation Fund (LPCF) pays medical malpractice awards greater than $100,000 up to a ceiling of $500,000, plus interest and additional amounts for continuing health care costs.  La. Rev. Stat. Ann. sec. 40:1299.42(B)(1) (West 2001); id. sec. 40:1299.44(A)(1), (C) (West Supp. 2002).  On April 24, 1992, the State court held that petitioners could seek from LPCF up to $400,000, plus interest, in connection with their malpractice claim against Pendleton Hospital.  Petitioners sued to obtain those additional damages and interest from LPCF.  On February 2, 1993, after a trial and jury verdict, the State court entered a $500,000 judgment against LPCF for petitioners.

On March 25, 1993, petitioners filed a motion to fix interest and costs based on their claim that LPCF was unfairly delaying payment of the judgment.  On April 2, 1993, the State court granted petitioners' motion to fix interest and costs and ordered LPCF to pay costs of $8,588, interest on $500,000 from June 5, 1985, to March 31, 1991, and interest on $400,000 from April 1, 1991, until paid.  Petitioners' malpractice counsel computed the interest owed by LPCF as of March 24, 1993, to be $407,323, with interest continuing to accrue at a rate of $76.72 per day until paid.

On April 14, 1993, the State court reduced the February 2, 1993, judgment against LPCF by $100,000 to account for the settlement with Pendleton Hospital.  Thus, judgment for petitioners totaled $400,000, plus interest.

LPCF appealed the State court judgment.  On July 14, 1994, the Louisiana Court of Appeal for the Fourth Circuit affirmed the judgment.

B.    The Settlement

Petitioners and LPCF settled the case for $839,000 in August 1994.  On August 16, 1994, LPCF paid $839,000 to petitioners and their attorneys.  LPCF noted on the check that $400,000 of the payment was for general damages and $439,000 was for interest. LPCF calculated interest and attached the calculation to the check.

The State court approved the compromise and settlement of the lawsuit on August 19, 1994.  On that date, the State court granted a joint motion filed by petitioners and LPCF to dismiss petitioners' case with prejudice.  On August 23, 1994, petitioners signed a Receipt, Release, and Compromise Agreement with Indemnity (RRC agreement), in which they acknowledged receipt of $839,000 from LPCF and released LPCF from any further liability.  The RRC agreement provides that LPCF was released:

> from any and all rights, claims, demands, causes of
> action, damages (including but not limited to general
> and special damages), liabilities, penalties, interest,
> attorneys' fees, claims for past and future medical

care, treatment and expenses, and claims for past and future loss of wages and/or loss of earning capacity, of any and every nature and kind whatsoever, past, present or future, arising out of, pertaining to or in any way connected with or resulting from, directly or indirectly, the Lawsuit, the Lawsuit's subject matter and/or the facts, acts or omissions alleged in the Lawsuit. Further, the McCanns agree to hold harmless, indemnify and defend the Released Parties (with their choice of legal counsel) from and against any and all rights, claims, demands, causes of action, damages (including but not limited to general and special damages), liabilities, penalties, <u>interest</u>, attorneys' fees, claims for past and future medical care, treatment and expenses (including but not limited to any such claim asserted by Medicare, Medicaid, any government assistance program or any private health or other insurer), and claims for past and future loss of wages and/or loss of earning capacity, of any and every nature and kind whatsoever, past, present or future, arising out of, pertaining to or in any way connected with or resulting from, directly or indirectly, the Lawsuit, the Lawsuit's subject matter and/or the facts, acts or omissions alleged in the Lawsuit, and which already have been or might hereafter be asserted by anyone against the Released Parties. [Emphasis added.]

The RRC agreement also provides:

3. <u>Payments</u>. In consideration of the receipt, release and indemnification set forth herein, the PCF [LPCF] hereby pays the sum of EIGHT HUNDRED THIRTY-NINE [sic] AND NO/100 DOLLARS ($839,000.00) to the McCanns, receipt of which the McCanns hereby acknowledge.

The RRC agreement does not allocate the $839,000 payment among damages, interest, and costs. Petitioners' counsel and LPCF signed the RRC agreement.

Petitioners signed a Release and Satisfaction of Judgment on August 23, 1994, in which they agreed that the judgment as amended:

in the amount of FOUR HUNDRED THOUSAND AND NO/100 DOLLARS ($400,000.00) plus legal interest from the date of judicial demand plus costs in the amount of EIGHT THOUSAND FIVE HUNDRED EIGHTY-EIGHT AND 05/100 DOLLARS ($8588.05), in favor of Christopher J. McCann, III and Vickilynn M. McCann and against the Louisiana Patient's Compensation Fund, has been paid in full; * * *.

Petitioners also agreed that all claims and causes of action that they might have had against LPCF were fully satisfied and released by the $839,000 payment.

C.   Respondent's Determination

Respondent determined that $256,625 of the $839,000 was prejudgment interest and was includable in petitioners' income. Respondent calculated that amount as follows:

1.   $839,000 less $400,000 damages equals $439,000.

2.   $439,000 multiplied by 40 percent (the percentage of the proceeds paid as attorney's fees) equals $175,600.

3.   $175,600 plus $6,775[1] of legal expenses equals $182,375.

4.   $439,000 less $182,375 equals $256,625.

At trial, respondent conceded that $642 of the $256,625 amount was not interest.

---

[1]   We note that $439,000 is 52 percent of $839,000, and that $6,775 is 52 percent of $13,028 (the total amount of legal expenses that petitioners incurred in the State court action).

OPINION

A.   Contentions of the Parties and Background

Petitioners contend that all of the $839,000 payment is excludable from gross income as damages for personal injuries under section 104(a)(2) and that none is includable in income as interest.  Respondent contends that $255,983 of the $839,000 settlement is interest includable as income under section 61(a)(4).  We agree with respondent for reasons discussed below.

Petitioners bear the burden of proving that they may exclude the $839,000 LPCF payment from income under section 104(a)(2).[2] Rule 142(a)(1).

Gross income does not include damages received (whether by suit or agreement) on account of personal injuries or sickness. Sec. 104(a)(2).[3]  However, interest received on damage awards for personal injuries is not received on account of personal injuries or sickness and is not excludable from income under section 104(a)(2).  Rozpad v. Commissioner, 154 F.3d 1, 6-7 (1st Cir. 1998), affg. T.C. Memo. 1997-528; Brabson v. United States, 73

---

[2]  Petitioners do not contend that respondent bears the burden of proving that sec. 104(a)(2) does not apply.  Rule 142(a)(1).

[3]  The Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605(a), 110 Stat. 1838, amended sec. 104(a)(2) to limit the exclusion to amounts received for personal physical injuries or physical sickness.  The amount at issue in this case was received before the effective date of the amendment, and, thus, the amended version of sec. 104(a)(2) does not apply.

F.3d 1040, 1047 (10th Cir. 1996); <u>Kovacs v. Commissioner</u>, 100 T.C. 124, 130 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994); <u>Greer v. Commissioner</u>, T.C. Memo. 2000-25; <u>Delaney v. Commissioner</u>, T.C. Memo. 1995-378, affd. 99 F.3d 20 (1st Cir. 1996).

B.   <u>Whether LPCF Paid More Than $400,000 for Personal Injuries</u>

The following facts show that LPCF did not pay petitioners more than $400,000 for personal injuries.

1.   <u>LPCF Had No Reason To Pay More Than $400,000 for Personal Injuries</u>

The maximum liability under La. Rev. Stat. Ann. section 40:1299.42(B)(1) for medical malpractice claims is $500,000.  The State court credited LPCF with $100,000 for petitioners' earlier settlement with Pendleton Hospital.  Thus, LPCF's liability for personal injury damages was limited to $400,000 under Louisiana law.  <u>Id.</u>  We infer from this fact that LPCF did not pay more than $400,000 in damages for personal injuries.

2.   <u>LPCF's Allocation</u>

LPCF allocated $400,000 of the $839,000 payment to general damages and $439,000 to interest.

3.   <u>The Settlement Negotiations and Settlement Agreement</u>

Petitioners contend that the settlement negotiations and settlement agreement show that the entire $839,000 payment was damages for personal injuries.  Petitioners contend that LPCF negotiated the settlement to replace the State court judgment

because LPCF was concerned that the malpractice cap would be ruled unconstitutional by the Louisiana Supreme Court, which could expose LPCF to even greater liability. Petitioners contend that LPCF's concern about the constitutionality of the malpractice cap caused it to agree to pay the entire $839,000 payment for personal injuries. Petitioners' contention is unconvincing because the Louisiana Supreme Court held the malpractice cap constitutional before the parties in this case signed the RRC agreement, Butler v. Flint Goodrich Hosp., 607 So. 2d 517, 521 (La. 1992), and because there is no evidence that LPCF was concerned about the constitutionality of the malpractice cap.

Petitioners contend that LPCF negotiated to pay no interest. We disagree. There is no evidence about what transpired during the settlement negotiations or that the parties discussed allocation of the settlement payment between interest and damages on account of personal injuries. Cf. Dotson v. United States, 87 F.3d 682 (5th Cir. 1996).

In the RRC agreement, petitioners released various claims including damages and interest in exchange for the $839,000 payment. Petitioners contend that this release shows that none of the $839,000 payment is for interest. Petitioners also contend that the RRC agreement shows that LPCF paid them wholly on account of personal injuries and that we should give effect to the RRC agreement here as we did to the settlement agreement in

McShane v. Commissioner, T.C. Memo. 1987-151.  The taxpayers in

McShane settled a personal injury lawsuit.  The settlement

agreement in McShane stated that amounts to be paid did not

include costs or interest.  In McShane, we found that the

payments were entirely for the taxpayers' personal injuries.

McShane is distinguishable because the RRC agreement does

not state that the settlement payment did not include interest.[4]

### 4.   Conclusion

Neither the settlement negotiations nor the RRC agreement

shows that the entire $839,000 payment was damages for personal

injuries.  The RRC agreement does not allocate the $839,000

payment between damages and interest or state whether any of the

payment is for interest.[5]  Cf. id. (settlement agreement stated

that payment included no interest).  We conclude that LPCF did

not pay petitioners more than $400,000 for personal injuries.

Thus, petitioners have not shown that respondent's determination,

as adjusted, is incorrect.

---

[4]  Because McShane v. Commissioner, T.C. Memo. 1987-151, is
distinguishable, we need not decide petitioners' contention that
neither Rozpad v. Commissioner, 154 F.3d 1 (1st Cir. 1998), affg.
T.C. Memo. 1997-528, nor Delaney v. Commissioner, 99 F.3d 20 (1st
Cir. 1996), affg. T.C. Memo. 1995-378, overruled McShane.

[5]  Petitioners contend that, under Robinson v. Commissioner,
70 F.3d 34, 37 (5th Cir. 1995), affg. in part and revg. in part
102 T.C. 116 (1994), the character of the settlement payment is
determined solely by the language of the settlement agreement.
In light of our conclusion regarding the RRC agreement, we need
not further consider petitioners' reliance on Robinson.

C.    Whether There Was No Interest Because the RRC Agreement
      Replaced the State Court Judgment

Petitioners contend that no part of the $839,000 payment was for interest because (1) the RRC agreement replaced the State court judgment; (2) as a result, there was no judgment; and (3) if there was no judgment, there was no interest.  We disagree.

The U.S. Court of Appeals for the First Circuit rejected that argument in Rozpad v. Commissioner, 154 F.3d at 3-4, and held that a settlement that allocates along the same lines for damages and interest as a prior jury verdict and judgment that included separately stated damages and interest includes a pro rata share of interest.  Id. (citing Robinson v. Commissioner, 70 F.3d 34, 38 (5th Cir. 1995), affg. in part and revg. in part 102 T.C. 116 (1994)).  In Rozpad v. Commissioner, supra at 4, the Court of Appeals stated that, absent a contrary allocation (as in McShane), it is fair to assume that interest and damages compose the same proportion of a settlement as of the prior judgment replaced by that settlement.  Consistent with Rozpad, we conclude that the settlement paid by LPCF to petitioners included interest and damages in the same proportion as the prior State court judgment.

Petitioners' contention that the holding in Rozpad does not apply here because it was decided by the U.S. Court of Appeals for the First Circuit misses the mark.  We followed Rozpad in Greer v. Commissioner, T.C. Memo. 2000-25, where we decided

whether an LPCF payment under Louisiana law included interest which was not excludable from income under section 104(a)(2). As in <u>Greer</u>, the reasoning of <u>Rozpad</u> is helpful in deciding this issue.

Petitioners contend that <u>Greer</u> is distinguishable because the Agreement and the Satisfaction of Judgment in that case did not state that the settlement was entirely for personal injuries. We disagree. The RRC agreement is similar to the Agreement and the Satisfaction of Judgment in <u>Greer</u> because the agreement in each case was silent as to whether any part of the settlement was for interest. The check from LPCF to the taxpayer in <u>Greer</u> bore a numerical code which indicated that part of the payment was for interest. Here, the LPCF check to petitioners also bore a numerical code which indicated $439,000 of the payment was for interest.

D. <u>Conclusion</u>

We conclude that $255,983 of the $893,000 payment was interest.

To reflect respondent's concession and the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.